## THE STATE v. HATFIELD.

1.   **Assault with Intent to Rape :** IDENTIFICATION OF DEFENDANT : EVIDENCE.   It being beyond dispute that an assault with intent to rape had been made, the only question was as to whether defendant was the guilty party ; and *held* that the evidence ( see opinion ) was sufficient to justify the jury in concluding that he was.

2. **Appeal:** COMPLAINT OF REMARKS OF COURT : RECORD. The court, in the course of the cross-examination of the complaining witness on a trial for an assault with intent to rape, directed the defendant's counsel to treat the witness with respect. It did not appear from the record that any disrespect had been shown in the words used by counsel, but there was nothing to show his manner, nor the manner of the court in directing him. *Held* that this court must presume, in favor of the trial court, that there was some just ground for the direction to counsel, and that it was given in a proper manner.

3. **Assault with Intent to Rape:** CORROBORATION OF COMPLAIN-ANT. The rule of section 4560 of the Code, providing that a person cannot be convicted for rape unless the complaining witness be corroborated by other evidence tending to connect the defendant with the commission of the crime, does not apply to the case of an assault with intent to commit rape.

4. **Alibi:** EVIDENCE : INSTRUCTIONS. ( *State v. Maher*, 74 Iowa, 77, *followed* ).

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, OCTOBER, 23, 1888.

DEFENDANT was indicted, tried and convicted of the crime of assault with intent to commit a rape upon the person of one Adelia M. Bale, and he appeals.

*McHenry, McHenry & McHenry*, for appellant.

*A. J. Baker*, Attorney General, for the State.

ROTHROCK, J.—I. There is no question that an assault with intent to commit a rape was made upon Adelia M. Bale, on a sidewalk in one of the streets of the city of Des Moines. The crime was committed late in the night. Mrs. Bale and another woman were returning to their homes from the house of a neighbor, where they had been practicing music for a wedding. The assailant of Mrs. Bale seized her, and threw her upon the sidewalk, pulled up her clothing, held his hand over her mouth, lay down upon her, and attempted to part her legs, and only desisted when surprised by some one coming towards the place where the parties were. We have stated enough of the particulars of the assault. The

1. ASSAULT with intent to rape: identification of defendant; evidence.

other details are not necessary to be stated, and, owing to their disgusting character, it is better that they should be omitted.   The woman who was with Mrs. Bale escaped at the first onset, and raised an alarm.  When the person who made the assault made his escape, the complainant was found upon the sidewalk very much injured.   She was severely bitten by her assailant in several places. The facts of the case, as detailed by the complaining witness, and as disclosed by the injuries upon her person, were such as to influence the minds of jurors, and incline any one having official connection with the prosecution, to the belief that the perpetrator of the crime should be severely punished.   We have for that reason carefully examined the transcript of the short-hand notes of the evidence, which appears to be a full report of the trial, including the examination of the witnesses by question and answer, the remarks of the trial judge in making rulings upon the admission and rejection of evidence, and the collo-quies between court and counsel during the trial.   We have done this because the defendant stoutly claimed upon the trial, and based his defense upon the ground, that he was not the party who committed the crime. The assault was committed on Saturday night, and the defendant was arrested on the charge the following Monday evening.   He, with other men, was taken to the house of the complaining witness, and out of seven men she identified the defendant as her assailant.   Her iden-tification was positive, and without doubt or question, and she maintained on the final trial with absolute pos-itiveness that the defendant was the guilty party.   The woman who was in company with her also identified defendant as the man who made the assault, but not with so much positiveness and certainty.   It was moon-light and there was snow upon the ground at the time of the assault.   The defendant is an unmarried man, and at the time of the assault lived with his father and mother and two or three brothers.   One of the brothers was married, and occupied part of the same house.   Sev-eral members of the family, including the defendant's

mother, testified, as witnesses, that the defendant was at home and in his bed before the crime was committed. There was other evidence tending to show that the defendant was seen by parties, who knew him, after the crime was committed, and a pipe was found at the place where the crime was committed which the evidence tended to show belonged to the defendant. This evidence, however, was not satisfactory, as the pipe was lost, and was not produced on the trial. After carefully examining all of the evidence, we are not prepared to interfere with the verdict on the ground that defendant was not shown to be guilty of the crime.

The first complaint made in behalf of defendant is that the court improperly and erroneously, and while one of his counsel was cross-examining the complaining witness, addressed counsel in these words: "Mr. McHenry, treat the witness respectfully." The record does not show that the language used by counsel to the witness was improper. He could not cross-examine the witness without making reference to the disgusting details of the crime, and so far as the mere words used by counsel were concerned, there was no disrespect shown to the witness. But counsel claim that the command came from the bench in such a peremptory, arbitrary and commanding tone as to prejudice his client in the minds of the jury. We cannot accept this statement and act upon it. The manner of counsel toward the witness may have been disrespectful, even though the mere words were not; and the court may have been justified in using the language it did as a reproof, or, for aught that appears, the language used by the court may have been uttered by the court in such a tone of voice as to have been unobjectionable.

II. Complaint is made of the court's rulings upon the admission of evidence. We do not discover any ground for these objections. The rulings throughout the trial appear to us to be conspicuous for their fairness to the defendant; and we may say the same of the ruling of the court on the alleged improper conduct of

*2. APPEAL: complaint of remarks of court: record.*

The State v. Hatfield.

the county attorney in his closing argument to the jury. There was no just ground for complaint for any of his utterances to the jury.

III. The defendant's counsel requested the court to charge the jury as follows: "Before you can find the defendant guilty in this case there must be evidence of some person or persons, other than the person injured, tending to connect the defendant with the commission of the crime." The instruction was refused, and we think this ruling was correct. It is provided by section 4560 of the Code that the defendant in a prosecution for a rape cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense. The defendant was neither indicted nor tried for a rape, and the statute has no application to any crime except those enumerated in the act. The rule is that a person charged with an offense may be convicted by the mouth of one witness, and, because there are certain exceptions made by the statute is no reason for extending it to crimes not named in the exception. It is useless to contend that the same reason which requires corroboration in a charge for rape applies to an assault with intent to commit that crime. The argument may be sound, and yet the statute does not prescribe the measure of proof requisite to convict for an assault with intent to commit a rape; and this court did not, in *State v. Stowell*, 60 Iowa, 535, so hold, even by implication.

*3. Assault with intent to rape: corroboration of complainant.*

IV. Complaint is made of the court's instructions to the jury upon the question of an *alibi*. Substantially the same instructions were given in the case of *State v. Maher*, 74 Iowa, 77, and they were approved by this court. Other instructions were complained of. We find no just ground of objection to them. In conclusion, we have to say that we think no prejudicial error occurred in the trial of the case, and the judgment of the district court is

*4. Alibi: evidence: instructions.*

AFFIRMED.