[No. 20658. Department Two. — November 6, 1890.]

## THE PEOPLE, RESPONDENT, *v.* CHUN HEONG, APPELLANT.

CRIMINAL LAW — HOMICIDE — CONVICTION — APPEAL — REVIEW OF CONFLICTING EVIDENCE — ALIBI — PROVINCE OF JURY. — Upon the conviction of a defendant charged with murder, where there is a serious conflict in the evidence, and sufficient evidence to support the verdict, an order denying a new trial will not be reversed for the reason that the verdict is contrary to the evidence, even though it may appear, from the bills of exceptions, that there was a preponderance of evidence in favor of the defense of *alibi*, as it must be assumed that the jury had sufficient reason for discrediting the statements of the witnesses for the defense.

ID. — EVIDENCE — NEWSPAPER ACCOUNTS OF HOMICIDE AND ARREST — CORROBORATION OF WITNESS. — Newspaper accounts of the killing, and of

the arrest of the defendant, are not competent evidence of any material fact in the case, and are not rendered admissible because they might have tended to corroborate the statements of one of defendant's witnesses upon purely collateral matters called out upon cross-examination, where there was no attempt to impeach the witness upon such points, nor any question made as to the truth of his statements.

ID. — UNNECESSARY CHARGE — HARMLESS INSTRUCTIONS. — When the evidence clearly shows a deliberate murder, and the only disputed question of fact relates to the identity of the murderer, a charge as to the law of manslaughter and justifiable and excusable homicide may be unnecessary, but could not possibly have harmed the defendant.

ID. — REASONABLE DOUBT — CONFUSING INSTRUCTION — ERROR WITHOUT PREJUDICE. —Where the whole of the charge as to reasonable doubt contains a sufficiently accurate statement of the law upon that subject, a statement that "mere possible doubts, however reasonable, which beset some minds on all occasions," should not prevent a verdict of guilty, though to be condemned as meaningless, and tending to confusion, will not constitute prejudicial error.

ID. — WEIGHT OF EVIDENCE — NUMBER OF WITNESSES — PROVINCE OF JURY — INSTRUCTION. — An instruction that a case might arise wherein a jury might be justified in finding a verdict for the defendant upon the testimony of one witness, against the testimony of any greater number of witnesses, is true as a legal proposition, and could not prejudice the defendant.

ID. — ALIBI — PREPONDERANCE OF EVIDENCE — REASONABLE DOUBT — INSTRUCTION. — Where the defense is an *alibi*, a charge that the defendant may establish any fact essential to his defense by a preponderance of evidence does not necessarily import that he must prove the *alibi* by a preponderance of evidence; and any apparent error in such instruction is cured if the jury are explicitly charged that the defendant must be acquitted in case of a reasonable doubt as to his presence at the time and place of the murder.

ID. — REASONABLE DOUBT AS TO PRESENCE AT MURDER — INSTRUCTION — ASSUMING CRIME. — In a charge upon the defense of *alibi*, in reference to a reasonable doubt as to the presence of the defendant at the "time and place of the murder," the allusion to the murder cannot be regarded as an assumption that the crime had been proved.

ID. — REASONABLE DOUBT AS TO DEGREE OF MURDER — INSTRUCTION. — In a charge to the jury upon the subject of reasonable doubt as to the degree of murder, an instruction that if the jury believe, from the evidence, beyond a reasonable doubt, that the defendant is not guilty of murder in the first degree, but that the elements of murder in the second degree, stated therein to the jury, existed, then they should find him guilty of murder in the second degree, must be construed as applying the "reasonable doubt" to both degrees of murder, and cannot be prejudicial, if the jury is subsequently instructed that they should not find the defendant guilty of murder if they entertained a reasonable doubt as to whether he was guilty of murder in either the first or second degree, and the conviction is of murder in the first degree.

Id. — Confusing Instructions — Construing Charge Together. — Though the court, in its charge to the jury, in a criminal case, may have used language tending to confusion upon some points, yet, if the entire charge, construed together, is sufficiently accurate and free from substantial error prejudicial to the defendant, a judgment of conviction cannot be reversed for error in the charge.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Lyman I. Mowry,* for Appellant.

*Attorney-General Johnson,* for Respondent.

Beatty, C. J. — This is an appeal by the defendant from a judgment of life imprisonment upon a conviction of murder in the first degree. Numerous errors are assigned.

1. We cannot say that the superior court erred in overruling defendant's motion for a new trial for the reason that the verdict is contrary to the evidence. Although there is a serious conflict in the evidence, and, as it appears, from the bill of exceptions, even a preponderance in favor of the defendant upon his defense of *alibi,* still, as there is sufficient evidence to support the verdict, it must be assumed that the jury, who saw and heard the witnesses for the defense, had good reason for discrediting their statements.

2. The superior court did not err in excluding from evidence the newspaper accounts of the killing and of the arrest of the defendant. They were not competent evidence of any material fact in the case, and were not rendered admissible by reason of the fact that they might have tended to corroborate the statements of one of defendant's witnesses upon purely collateral matters called out upon cross-examination. There had been no attempt to impeach the witness upon these points, nor any question made as to the truth of his statements.

3. As all the evidence in the case went to prove a deliberate murder, leaving no question for the jury except that of the identity of the murderer, it may have been unnecessary, but it was not error, certainly not prejudicial error, to charge the jury as to the law of manslaughter and excusable and justifiable homicide. Such instructions could not by any possibility have harmed the defendant.

4. In attempting to define "reasonable doubt," the judge of the superior court gave an instruction containing an expression which has been repeatedly condemned by this court as meaningless, if not confusing. To tell the jury that the defendant is entitled to be acquitted if there remains a reasonable doubt of his guilt, and then, in the next breath, to tell them that "mere possible doubts, however reasonable, which beset some minds on all occasions," should not prevent a verdict of guilty, would seem to tend only to confusion. But in two cases (*People* v. *Kernaghan,* 72 Cal. 609, and *People* v. *Lee Sare Bo,* 72 Cal. 623) this court, while severely and justly condemning similar if not identical language to that above quoted, held, nevertheless, that, taking the whole charge together, there was a sufficiently accurate definition of what the law terms "a reasonable doubt," and that the instruction was not invalidated by this meaningless expression. Upon the same reasoning, it may be held that its use in this instance was not prejudicial error. We cannot, however, abstain from again expressing the hope that the trial judges who have made use of this form of instruction will eventually see the propriety of returning to the approved definition, which, since the time of Chief Justice Shaw, has never been improved upon.

5. The jury were instructed that, while it was necessary to prove the guilt of the defendant beyond a reasonable doubt, he could establish any fact essential to his defense by a mere preponderance of evidence. It is claimed that this was, in effect and by implication, an

instruction that it was necessary for the defendant to prove the *alibi*, upon which alone he relied as a defense, by a preponderance of evidence. But it is not a necessary implication, from the language of the instruction, that the defendant must prove any fact relied on by him by a preponderance of evidence, and as to the *alibi*, upon which he relied, the jury were correctly and explicitly charged that the defendant must be acquitted in case of a reasonable doubt that he was present at the time and place of the murder. This was sufficient to cure any apparent error in the instruction objected to.

6. There was no error in charging the jury that " a case might arise wherein a jury would be justified in finding a verdict for the defendant upon the testimony of one witness, against the testimony of any greater number of witnesses." This is certainly true as a legal proposition, and it is not perceived how its statement in this case can possibly have prejudiced the defendant.

7. In instructing the jury upon the question of *alibi*, the trial judge made use of the expression " place of the alleged murder," and, immediately following, in the same connection, used the words " time and place of the murder." It is claimed that this was an assumption that the crime of murder had been proved, and was equivalent to an instruction to that effect. We do not so regard it. The instruction has regard to the crime of murder " alleged " in the information, and so the jury must have understood it.

8. The court correctly instructed the jury as follows: " If you entertain a reasonable doubt as to whether the defendant is guilty of murder in the first degree, then you should not find him guilty of murder in the first degree, but you should proceed to inquire whether he is guilty of murder in the second degree." But, immediately following this language, the court added: "And if you believe, from the evidence in the case, beyond a reasonable doubt, that the defendant is not guilty of murder

in the first degree, but that the defendant with malice [stating elements of murder in the second degree], then you should find him guilty of murder in the second degree." It is contended that the court here charged the jury not to consider murder in the second degree, unless they were satisfied, beyond a reasonable doubt, that defendant was not guilty of the higher offense, thus reversing the merciful rule prescribed by the legislature. But it is plain to us that the expression " beyond a reasonable doubt," as here used, applies to and qualifies that part of the instruction following, which defines murder in the second degree, and so we are bound to presume the jury must have understood it. By itself, it bears this meaning; and, immediately following, this language is added: " If you entertain a reasonable doubt as to whether the defendant is guilty of murder in either the first or second degree, you should not find him guilty of murder, but you should proceed to inquire whether or not he is guilty of manslaughter," etc. This makes the meaning of the whole instruction plain, or, at least, it leaves nothing in the literal terms of the instruction of which the defendant can complain; for if the jury can be supposed to have taken it literally, as construed by the defendant, they must have understood, — 1. That they could not convict of murder in the first degree if there was a reasonable doubt of guilt in that degree; and 2. That they could not convict of murder in the second degree unless it was proved, beyond a reasonable doubt, that defendant was not guilty of murder in the first degree. In other words, following the instruction as construed by defendant, the jury could not have convicted him improperly of murder in the first degree, but might have been compelled to acquit him improperly of murder in the second degree. This was not an error of which he could complain.

We have thus reviewed all of the assignments of error. We find that the court used language in its charge tending to confusion upon some points, but that the entire

charge, construed together, is sufficiently accurate and free from substantial error, — at least of error prejudicial to the defendant, — and conclude that the judgment must be affirmed.

It is so ordered.

MCFARLAND, J., and SHARPSTEIN, J., concurred.