STATE OF MONTANA, RESPONDENT, *v.* CICERO L. BRISTOL, APPELLANT.

[Submitted Nov. 22, 1898.   Decided Nov. 30, 1898.]

*Courts—Terms—Establishment.*

Constitution, Article 8, Section 17, provides that, unless otherwise provided by law, district judges shall fix the terms of court in districts composed of two or more counties; and Code of Civil Procedure, Section 38, requires the district judge in districts composed of more than one county, within a stated time, to fix the terms of court to be held in each county of the district during the ensuing year, and provides that no change in the time of holding any of the terms so fixed shall be made, but that a term may be adjourned to a future date. *Held*, that an order fixing the terms of court in

a district composed of more than one county, made within the prescribed time, cannot, even within the time allowed the judge for fixing the terms of court, be revoked and the terms originally fixed changed.

*Appeal from District Court, Teton County; D. F. Smith, Judge.*

*J. E. Erickson* and *Henry N. Blake,* for Appellant.

*C. B. Nolan,* for the State.

PER CURIAM.—The defendant, Cicero N. Bristol, convicted of embezzlement, appeals from an order of the district court of Teton county denying a new trial, and from the judgment of his conviction.

It appears that on January 2, 1897, the Honorable C. W. Pomeroy, judge of the Eleventh judicial district court, comprising the counties of Teton and Flathead, duly made and caused to be filed an order fixing March 8th, May 24th, August 16th and November 8th as the days on which the terms of court should commence in Teton county, for the year 1897. It further appears that on January 4th the Honorable D. F. Smith, who had meanwhile become judge of said district, made and caused to be filed an order purporting to revoke the one of January 2d, and fixing the commencement of said terms on January 25th, April 26th, July 26th and October 11th.

Pursuant to the last mentioned order, the July term of the district court of Teton county began on the 26th of that month; and, under an order of the court dated July 26th, a jury was drawn and summoned to serve during the term. The July term was adjourned to October, 1897, when the defendant was tried by the jury so drawn and summoned. He interposed a challenge to the panel, upon the ground that there had been a material departure from the law in the drawing and return of the jury, in that the time designated for the attendance of the jury was not any term of court fixed by the order of January 2d. The challenge was disallowed, defendant excepting.

Was there a material departure from the requirements of law in respect of the drawing and return of the jury? Section

17 of article 8 of the constitution contains a provision to the effect that the judge of each district where two or more counties are united shall, until otherwise provided by law, fix the term of court. Section 38 of the Code of Civil Procedure reads as follows: "The district court of each county which is a judicial district by itself has no terms, but must be always open for the transaction of business, except on legal holidays and non-judicial days, and must hold its sessions at the county seat. Juries for the trial of causes must be called on the first Monday of every alternate month, if the judge so direct, and oftener, if public business requires. In each district where two or more counties are united, the judge thereof must fix the terms of court in each county in his district, which must be held at the county seat, and there must be at least four terms a year in each county. The judge of such district court must, within ten days after the taking effect of this code, and thereafter, within ten days after the first day of January in each year, make an order which must designate the times at which the terms of court are to be held in each county in his district during the year, and must cause said order, or a copy thereof, to be filed in the office of the clerk of the district court in each county in his district, and such clerk must cause the same to be published in some newspaper printed in his county, once a week for four successive weeks, immediately after the filing of such order, the cost of which shall be a county charge, and no change in the time of holding the terms so fixed in any county must be made during the year. A district judge may adjourn a term of court in one county to a future day certain, and in the meantime hold court in another county."

We are of the opinion that the question must be answered in the affirmative. By section 38 the judge is commanded to make, within ten days after January 1st, in each year, an order which must fix the times at which the terms are to be held in the district during the year, and no change in the time of holding the terms so fixed must be made during the year. By the order of January 2d, the times for holding the terms were

fixed for the year 1897, and the order was made on a day included within the period prescribed. The order of January 4th, revoking the former order, and fixing other dates for the terms to be held in 1897, was in palpable disregard of the prohibition declared, and was, at least, irregular.

Defendant was entitled to trial by a jury in attendance at a term of court regularly designated and held in conformity with the direction and intent of the legislature, as expressed in section 38. The jury summoned to be in attendance at a term other than the one designated in the order made by Judge Pomeroy was not regularly drawn and returned; and in this there was a material departure from the law. Timely objection by challenge to the panel, founded upon that ground, was interposed by the defendant, and he preserved his rights by exception to its disallowance. For this error there must be a reversal.

There is but one other assignment relied upon in this court. The defendant argues that the instruction upon the subject of "reasonable doubt" is radically defective, and omits a material element found in the definition of that expression as given in *Territory* v. *McAndrews*, 3 Mont. 162. We express the hope that trial courts will give the instruction on the subject of reasonable doubt which is approved in the McAndrews case; and we again express regret that the occasion seems to demand the warning that danger lurks in the attempt to improve upon its language. (*State* v. *Clancy*, 20 Mont. 503, 52 Pac. 267; *People* v. *Chun Heong*, 86 Cal. 332, 24 Pac. 1021.) It is not likely, however, that upon a new trial the court will disregard the suggestion here made, and we therefore refrain from inquiring whether the last error assigned is well taken. The judgment and order refusing a new trial are reversed, and the cause is remanded. Remittitur forthwith.

*Reversed and remanded.*