THE STATE IOWA v. JOHN McGARRY, Appellant.

**Instruction:** REASONABLE DOUBT. Where one of the defenses was an alibi, and the court charged that if the defendant had failed to establish the defense of alibi by a preponderance of the testimony he was not entitled to an acquittal on that ground or to have *it* considered as a basis of a reasonable doubt.

1 *Held*, the instruction was erroneous because if the testimony
2 to sustain the alibi fell short of a preponderance, it was still to be considered by the jury, together with all the other evidence, and a reasonable doubt upon all the evidence, including that which failed to sustain the alibi by a preponderance, entitled defendant to acquittal. The word "it" was misleading. The jury may well have applied it to the *testimony* in support of the alibi, rather than to the *defense* called alibi.

| | |
|---|---|
| 111 | 709 |
| 115 | 458 |
| 111 | 709 |
| 124 | 413 |
| 111 | 709 |
| 130 | 451 |
| 111 | 709 |
| d134 | 242 |
| 111 | 709 |
| 135 | 722 |
| 111 | 709 |
| 137 | 593 |

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

WEDNESDAY, OCTOBER 3, 1900.

INDICTMENT for murder in the first degree. From a judgment entered on a verdict of guilty of murder in the second degree, defendant appeals.—*Reversed.*

*Alphons Matthews* and *P. J. Nelson* for appellant.

*Milton Remley,* Attorney General, and *Henry Michel* for the State.

WATERMAN, J.—The first matter presented relates to a claimed error of the court in overruling a motion to quash the indictment. No reasons are given in support of this contention, so we deem it sufficient to say, after a careful examination of the record, that the action of the trial court in this respect was fully justified.

II.   One defense of which evidence was offered was an alibi.   On this subject the trial court gave the following instructions:   (13)   The defendant makes as one of his defenses herein what is known as an 'alibi;' that is, that at the time of the commission of the crime charged in the indictment he was at a different place, so that he could not have committed it.   The testimony in support of this defense, to be entitled to weight, must be such as to show that, at the very time of the commision of the crime, the defendant was at another place so far away, or under such circumstances, that he could not have been at the place where the crime was committed.   The burden of establishing this defense by a preponderance of credible testimony is upon the defendant.   If he has so established it, he is entitled to an aquittal.   (14)   If, however, the defendant has failed to establish this defense by a preponderance of the credible testimony, then he is not entitled to an acquittal upon this ground, nor to have it considered by you as a basis of a reasonable doubt."   The last of these instructions does not correctly state the law.   While as a distinct issue an alibi must be established by a preponderance of evidence (*State v. Hamilton,* 57 Iowa, 596, and cases cited therein), yet, if the evidence offered to show it falls short of this in weight, nevertheless such evidence is for the consideration of the jury; and if upon the whole case, including that part pertaining to the alibi, they have a reasonable doubt of defendant's guilt, he should be acquitted. In *State v. Maher,* 74 Iowa, 77, this court said on the subject:   "The court below, in one or more instructions, directed the jury, in substance, that the alibi relied upon as

a defense must be establishd, if at all, by the preponderance of evidence. Another instruction directs the jury, in effect, that if upon the whole evidence, including that tending to establish the alibi, they entertained a reasonable doubt, they should acquit. Counsel for defendant insist that these instructions are contradictory and misleading. We are of opinion that they harmonize, and each and all, considered together, accord with the doctrine, recognized by this court. Under these instructions, the jury are required to find the alibi upon the preponderance of the evidence, but, if a reasonable doubt of defendant's guilt remains in their minds after weighing all the evidence, they must acquit. They cannot acquit on the defense of alibi unless it is supported by the preponderance of the evidence; but if the evidence upon that defense, considered alone, or in connection with all other evidence, leaves a reasonable doubt in the minds of the jury, they cannot convict. The instructions accord with the doctrines of this court pertaining to the subjects of alibi and reasonable doubt." While this language was used with relation to exceptions taken by a defendant to the instructions, the rule announced is unequivocal, and in line with the weight of authority. For a collection of cases, see 2 Am. & Eng Enc. of Law, 53. The doctrine laid down in *State v. Maher,* on this subject, is expressly approved in *State v. Hatfield,* 75 Iowa, 592. See, also, *State v. Fry,* 67 Iowa, 475; *State v. Kline,* 54 Iowa, 183; *State v. Hardin,* 46 Iowa, 623. In some other jurisdiction where an alibi is treated as a distinct defense, and to be available must be established by a preponderance of evidence, the same qualification, as announced in *State v. Maher,* is adopted. *People v. Lee Sae Bo,* 72 Cal. 623 (14 Pac. Rep. 310); *People v. Fong Ah Sing,* 64 Cal. 253 (28 Pac. Rep. 233); *People v. Lee Gam,* 69 Cal. 552 (11 Pac. Rep. 183); *People v. Tarm Poi,* 86 Cal. 225 (24 Pac. Rep. 988); *People v. Chun Heong,* 86 Cal. 329 (24 Pac. Rep. 1021); *State v. Ward,* 61 Vt. 153 (17 Atl. Rep. 483). It is manifest that the instruction given in the

case at bar is not in harmony with the rule stated. The jury are told, in effect, that, if the evidence relating to the alibi does not so preponderate as to establish that distinctive fact, it cannot be considered or used as a basis for a reasonable doubt. While such evidence is admissible always, without regard to its weight, and is for the consideration of the jury with the other testimony in the case, and while all the admitted testimony should be considered, in order to determine whether a reasonable doubt of guilt is produced in the minds of the jury, yet here they are told to disregard certain received evidence, if it does not measure up to the standard of establishing a specific fact. Some support for the instruction under consideration is sought in the language used by this court in *State v. Maher, supra.* The trial court in that case gave this paragraph of an instruction: "If the proof [fails to show the alibi] as to either defendant on trial, you will not consider it as to him; but, if it does so show as to either, you will give it full consideration as to the defendant of whom it so shows." This instruction, as it appears in the abstract, does not read just as we have set it out. Something seems to have been omitted in printing it. We quote it as this court found it must have been in the original. In approving this paragraph, Beck, J., who delivered the opinion, said: "Counsel for defendant understand that the court below in the third and fourth paragraphs of the instruction, in the use of the words 'consideration' and 'consider,' directed that the jury should not consider the evidence pertaining to the alibi. But the language will bear no such interpretation. The words are applied to the defense of alibi, and not to the proof tending to establish it. Of course, if the alibi is not established by a preponderance of the evidence, it is not to be considered as proved. It must have no consideration by the jury in controlling their finding upon that defense." We are not inclined to extend this reasoning, nor to adopt it, if at all, in any other than precisely similar case to that in which it was thus applied. In

the case at bar, however, when the facts are considered, the instruction apparently goes further than did the one thus approved.  Here there is but one defendant to whom reference is made; in the *Maher Case* there were two and this court might well have construed the introduction in that case as meaning, only what it says, viz., that the alibi was to be considered only in behalf of the particular defendant in whose favor it was established.  Here, too, the language is more explicit in its apparent reference to the testimony.  We do not see how the jury could have construed the pronoun "it" in the last line of the fourteenth paragraph, save as referring to the testimony and not to the alibi; for clearly it is the testimony, and not the specific defense, that could be used as the basis for a reasonable doubt.  If the alibi is made out, it is a complete defense, and an exoneration of defendant.  It can not be said only to aid in raising a reasonable doubt of guilt.  If it is not established, there can be nothing for consideration but the testimony introduced in support of it.  We think the jury must have understood the instruction as shutting out from their consideration all the evidence relating to the alibi if they failed to find that defense established.  But if the meaning of this instruction is even reasonably doubtful, —and there can be no question but it is open to the construction we suggest,—defendant is entitled to the benefit of such doubt.

III.   A number of other matters are discussed by counsel, but, as they are not likely to arise again, we dismiss them without further mention than to say that the cross-examination of the witness Straney was permitted to go to an extreme length.  No argument is made upon the facts, but it is proper for us to say, after a careful perusal of the record, that the case was one for the jury.  For the error in the instructions a new trial is ordered, and judgment REVERSED.

GRANGER, C. J., not sitting.