[Civ. No. 10579. First Appellate District, Division Two.—April 6, 1938.]

A. FLYNN, Appellant, v. EARLE M. YOUNG, Respondent.

Elkins & Wright and William F. Herron for Appellant.

Milton D. Sapiro for Respondent.

STURTEVANT, J.—As assignee, the plaintiff sued to recover moneys alleged to have been earned by Elkins and Wright, her assignors, as attorney fees. She pleaded a common count, claiming $2,150 as the reasonable value of the services rendered. The defendant answered setting forth numerous denials and as new matter he alleged that the services of ˋplaintiff's assignors were rendered pursuant to certain express contracts and not otherwise.

For several years prior to 1935, Earle M. Young and Dorothy H. Young were husband and wife, residing at Mill Valley in Marin County. They had one child, a daughter. They were not possessed of any community property, but the husband was a dentist engaged in the practice of his profession both in Mill Valley and San Francisco. Disagreements having arisen between the couple they separated, executed a property settlement, acted thereunder, and, about a year after the separation, Earle M. Young filed a complaint for divorce at Reno in the district court of Nevada. The name of the attorney who filed said complaint is not stated in the record, but the record does disclose that plaintiff's assignors did not represent either Dr. or Mrs. Young in that action. Some preliminary proceedings were had in the Nevada action, but it was dismissed and no judgment was rendered therein.

Just before that action was dismissed, Dr. Young met and had a conversation with Leo A. Elkins. The latter and Amos W. Wright were attorneys associated as partners and engaged in the practice of their profession in San Francisco. The conversation between Dr. Young and Mr. Elkins was with reference to taking depositions in the Nevada action. That conversation did not lead to an employment and neither Mr. Elkins nor Mr. Wright took any part in said action. However, after the Nevada action was dismissed, Dr. Young and

Mrs. George, his secretary, called on Mr. Elkins and discussed with him the matter of commencing an action in San Francisco. That discussion led to an agreement under the terms of which Elkins and Wright undertook to commence an action in the Superior Court in San Francisco and obtain a divorce for Dr. Young. As stated above, it was the claim of Elkins and Wright that the amount of their fee was not agreed upon, but rested on the reasonable value of their services. On the other hand it was the claim of Dr. Young that Mr. Elkins stated his firm would obtain the decree for $200 and that the doctor agreed to that charge. Dr. Young so testified and Mrs. George, who was present, testified to the same effect. A complaint was filed on the 5th day of March, 1936. Later Mrs. Young appeared by her attorneys and filed an answer and cross-complaint. The cross-complaint was answered and a trial was had on the issues so framed. The result of the trial was that on June 16, 1936, Dr. Young was awarded a decree. On June 25, 1936, the defendant handed to Mr. Elkins in the office of the latter a check for $200. Mr. Elkins demurred as to the amount and the next day mailed the check back to Dr. Young. Later Mrs. Young served and filed a notice of motion for a new trial and a motion to require Dr. Young to pay the costs of securing a transcript and of attorneys' fees for presenting that motion. Dr. Young and his attorneys were still wrangling over the amount of the fee to be paid the latter for trying the main case. Dr. Young testified that he agreed to pay them $50 to represent him on that motion and that the subject-matter of the fee to be paid in the main case was left open for further discussion. Mr. Elkins' testimony was to the same effect. Subsequently Elkins and Wright appeared and represented Dr. Young, the motion was dismissed but shortly thereafter another motion was made to the same effect. Dr. Young testified that he made an express contract to pay Elkins and Wright $50 for representing him on the second motion, on presentation of which costs were granted. The motion for new trial was not presented or ruled on within the time allowed by law. Notice to that effect was given August 19, 1936. This action was commenced August 22, 1936. Dr. Young changed his attorneys on August 28, 1936, and Mr. Sapiro was substituted in the place of Messrs. Elkins and Wright.

■ As coming within the scope of the employment of her assignors, the plaintiff introduced evidence of certain interviews between Mr. Elkins and Dr. Young prior to the dismissal of the Nevada action and she introduced evidence of the services rendered in the action in San Francisco. She also introduced evidence of the reasonable value of all of said services. Some of the testimony showed a value as high as $2,500. By its verdict the jury awarded the plaintiff $300. Pointing to these facts the plaintiff claims the award was grossly inadequate. If we adopt the plaintiff's theory that contention is well founded. But the record shows a direct conflict as to whether Elkins and Wright in any manner participated in the Nevada litigation and, addressing ourselves to that factor, it may not be said the jury's verdict was not supported by the evidence. As to the services performed in the litigation in San Francisco, Dr. Young gave direct testimony that all of said services were rendered pursuant to the express contracts above mentioned. There were admissions on the part of Mr. Elkins that tended to support rather than contradict the testimony of Dr. Young. In support of the verdict we must assume the jury adopted the theory of Dr. Young and discarded the theory of the plaintiff. Under those circumstances the contention that the amount of the verdict was grossly inadequate has no support.

■ The plaintiff called Mr. Elkins as a witness. He testified regarding his activities in behalf of the defendant. On cross-examination he was examined regarding his charges made to other clients. The plaintiff contends the trial court erred in permitting such cross-examination. However, the record discloses that no objection to that line of cross-examination was made in the trial court. The point may not be presented in this court for the first time.

■ The plaintiff also called one of her assignors, Mr. Wright. The witness testified that the validity of the property agreement that had theretofore been made between Dr. and Mrs. Young became a material question in the San Francisco litigation. He testified to certain facts regarding the scope of the examinations made by Mr. Elkins and himself into the legal questions involved. He testified that among other cases they examined the decision entitled *Locke Paddon* v. *Locke Paddon*, 194 Cal. 73 [227 Pac. 715]. On cross-examination he was asked whether he was familiar with the

procedure followed by the trial judge in that case to protect rights under a property settlement. He replied that he was not. During the recess the witness examined the Locke Paddon case. On redirect examination, after the recess, the witness was asked, ''In what is the Locke Paddon case distinguishable from the facts as they were presented to you in the case of *Young* v. *Young*?'' The defendant's objection was sustained. The ruling was clearly correct. The defendant at no time was making the contention that Elkins and Wright were incompetent.

In proving reasonable value the plaintiff prepared and used a hypothetical question. Among other provisions it contained statements of the annual income of Dr. Young for the years 1929–1931 and of his monthly income during the years 1932, 1933, and 1934. On motion those recitals were stricken out. The plaintiff asserts that the order striking out was error. For two different reasons we find no prejudicial error in the ruling. In the first place nothing is set forth in the record showing that the defendant's income for the years 1929–1934 was material when considering the services of plaintiff's assignors which commenced in March, 1936. In the second place, as shown above, the jury's verdict was based on express contracts and not on the theory of reasonable value. It is therefore patent that the provisions of the hypothetical question and the answers made thereto did not weigh with the jury in arriving at its verdict.

The plaintiff had inserted in the hypothetical question a recital to the effect that the defendant interfered in the conduct of the trial of the divorce case. The court struck out that recital. At this time the plaintiff assigns such order as error, but the record discloses that the said recital was eliminated by consent.

In receiving evidence as to the income of the defendant, the plaintiff claims that the trial court limited the evidence to the year 1935 and following. That claim is not sustained by the record. There was some discussion on the subject but no ruling on which the plaintiff may at this time predicate error.

Finally, the plaintiff makes nine different attacks on the instructions. One of the attacks on the instructions is that the trial court erred in modifying a certain instruction by deleting the last portion thereof. We find no merit in the

620

attack. The portion deleted was fully covered in other instructions given on the subject.

■ Instruction No. 8 was on the weight of the evidence as measured by the number of witnesses. (Code Civ. Proc., sec. 2061, subd. 2.) The court left out the clause "which do not produce conviction in their minds". Plaintiff did not ask for any additional instruction on the subject. The omission did not constitute prejudicial error. (*People* v. *Chun Heong*, 86 Cal. 329, 333 [24 Pac. 1021].)

■ Instruction No. 10, as given, contained the expression "The jury may be satisfied with the testimony of one witness against a great array that might appear on the other side; . . ." The instruction did not contain prejudicial error. (*People* v. *Chun Heong, supra.*)

■ Complaint is made that the trial court failed to instruct the jury in accordance with Code of Civil Procedure, section 2061. It was not asked to do so.

■ Instruction No. 26 was modified by striking from the end thereof " . . . and unless he establishes such special agreement by a preponderance of the evidence his defense founded thereon fails entirely". In making the modification the trial court did not commit a prejudicial error. The fact that the jury found for the defendant contains the implied finding that the parties had entered into express contracts. If the plaintiff would complain at this time she must show the evidence was insufficient to support said implied finding. This she cannot do because there was an abundance of evidence to support said finding.

■ The trial court instructed the jury as follows: "You are instructed that when a client employs an attorney for a specific action that is an entire contract; and if you find that the attorneys broke the contract themselves or acted in such a manner as to make the relationship of attorney and client no longer possible, you must find that the attorneys are not entitled to any compensation." The plaintiff contends there was no evidence that justified the giving of said instruction. We think there was. However, the jury did not apply the rule. Notwithstanding that Elkins and Wright refused to appear for this defendant and oppose the granting of a new trial in the action entitled *Young* v. *Young*, the jury awarded the plaintiff a verdict in the sum of $300. Even

though the instruction were erroneous, and it was not, it did not constitute prejudicial error in the case.

Instruction No. 37 in effect informed the jury that the opinions of experts were not controlling and that the jurors could form their own opinions. It is claimed the instruction is erroneous. We see no error in it, but even though there were error it was not prejudicial. As shown above, the jury adopted the theory of the defendant that there was an express contract and acted thereon. It is plain, therefore, that the jury had no occasion to examine the opinions of experts on values.

Instruction No. 43 dealt with the hypothetical question propounded to the expert witnesses. The instruction contained the following statement: "Unless you are satisfied that all of the facts upon which the question was based are true, *you may* disregard entirely the testimony of such expert." The plaintiff contends that said statement was erroneous. (*Treadwell* v. *Nickel*, 194 Cal. 243, 263 [228 Pac. 25].) A comparison of the permissive language used in the instruction before us and the peremptory language used in the instruction discussed in the Treadwell case discloses that in the instant case there was no error. (*Martinelli* v. *Poley*, 210 Cal. 450, 460 [292 Pac. 451].)

The trial court instructed the jury that the validity of the property settlement agreement executed by the parties was not involved in the action of *Young* v. *Young*. There was no error in making the statement as it was an admitted fact.

Finally, it is contended that the trial court in effect directed the jury to disregard the testimony of plaintiff's experts. The plain answer to that contention is the trial court did not do so.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 2, 1938.