[Civ. No. 1812. Second Appellate District.—May 9, 1917.]

## MARGARET WARD, Respondent, v. HARRY X. GOETZ et al., Appellants.

HUSBAND AND WIFE—SEPARATION CONTRACT—RECOVERY OF MONTHLY PAYMENTS—WAIVER—EVIDENCE—APPEAL.—In an action to recover upon an agreement made between a husband and wife, providing for their living apart, the dismissal of a pending action for separate maintenance and the payment to the wife of a stated monthly sum so long as they should remain married, the finding of the trial court upon sufficient evidence that the wife had not waived her right to such payments is conclusive on appeal.

ID.—ESTOPPEL—PLEADING.—In such an action, where it is claimed that the wife was estopped to claim such payments, it is essential that the estoppel be pleaded.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

Ben S. Hunter, and Emmett W. Miller, for Appellants.

Wesley H. Beach, and Chas. C. Polk, for Respondent.

WORKS, J., *pro tem.*—This is an appeal from the judgment. The appellant Goetz and the respondent were formerly husband and wife. Some time prior to February 16, 1911, the respondent commenced an action for separate maintenance against her husband. On the date mentioned the two entered

into an agreement to live apart, the instrument also providing for a dismissal of the maintenance suit, and for the payment by the husband to the wife of the sum of fifty dollars each month, so long as they should remain married. As a part of the same transaction the appellant Goetz, as principal, and the appellant Nebeker, as surety, executed to respondent a bond in the sum of one thousand dollars, securing the payment of the monthly installments. In December, 1913, respondent obtained a divorce by decree of a Nevada court and her maiden name of Ward was restored to her. With the payment of January, 1913, Goetz ceased meeting the installments agreed by him to be paid to his wife, and this action was commenced to recover on the bond for the payments due from that time forward. The plaintiff had judgment.

The first contention made by the appellant is that Miss Ward has waived her right to collect the installments and that she is estopped to claim them. It appears that there was pending in California a suit for divorce brought by the husband at the same time that the Nevada action was in the courts of that state. One C. N. Gary, a Nevada lawyer, was counsel for the wife in the action in that jurisdiction. At a certain stage of the Nevada litigation Gary became fearful that the California case might first reach a conclusion and wrote Ben S. Hunter, Goetz's California lawyer, as follows:

"I will procure from Marguerite W. Goetz and deliver in escrow an agreement that in the event that a continuance for 2 days be stipulated in the action of *Goetz* v. *Goetz* pending in the Sup. Ct. of L. A. County, California, she will release Harry X. Goetz from all liability for back payments or alimony under the property settlement made at the close of the former litigation."

After the writing of this communication Gary had a conference with Hunter in Los Angeles about the proposed continuance of the California case, and a continuance was then had, although there was no agreement delivered in escrow, or ever entered into, by Miss Ward releasing Goetz from his liability to pay the monthly installments. Nevertheless, it is claimed that a waiver and an estoppel arose against respondent because of the granting of the continuance, following upon the letter from Gary and the conference between him and Hunter. It is not necessary to proceed to the discussion of legal questions in connection with the claims of

waiver and estoppel.   We need not be concerned as to whether Gary had authority to act for Miss Ward in the premises. The letter certainly was not a waiver of her right to the installments, granting that he had such authority.   Whether a waiver resulted from the conference between Gary and Hunter, again granting Gary's authority, depends upon what was said there, and the finding of the trial court is with respondent on that question.   That finding is amply supported by the testimony of Gary, and Hunter did not take the stand. As to the question of estoppel, it is enough to say that no estoppel was pleaded.   (*Carpenter* v. *Markham,* 172 Cal. 112, [155 Pac. 644].)

The trial court found that the parties had stipulated in open court "that the only issue to be tried was whether the plaintiff had waived her right to said monthly payments from and after the fifteenth day of January, 1913," and exception is taken to the finding as not supported by the evidence.   The point is without merit.   Soon after the trial commenced and immediately after respondent had testified that Goetz's last payment to her was the one due on the day mentioned in the finding, counsel for appellants volunteered the following statement, "There is only one question, as I understand, and that is whether she has waived future payments.   The fact that the agreement was executed and the action that was then filed was dismissed is admitted."   To this remark counsel for Miss Ward responded, "All right," and proceeded with the examination of the witness.   The colloquy between counsel was in effect a stipulation and the language of the finding is a correct presentation of the actual occurrence.

The appellant objects to certain rulings of the trial court in admitting and excluding evidence, but it appears to us that none of them was erroneous.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.