[No. 12659.  In Bank.—December 4, 1888.]

# GEORGE A. KNIGHT, RESPONDENT, v. ZEPPORAH RUSS ET AL., APPELLANTS.

ATTORNEY AT LAW—RETAINER—ASSUMPSIT FOR SERVICES—EVIDENCE.—In an action of *assumpsit*, brought by an attorney at law for professional services rendered in certain actions, the value of the retainer is included in the cause of action, though not specified in the complaint, and may be proved under an issue tendered as to the value of the services.

ID.—EVIDENCE AS TO VALUE OF SERVICES.—For the purpose of aiding in determining the value of the services of an attorney at law, it is proper to receive evidence as to prices usually charged and received for similar services by other persons of the same profession, in the same vicinity, and practicing in the same court.

ID.—EXECUTORS AND ADMINISTRATORS—CLAIM AGAINST DECEDENT—WITNESS—EVIDENCE OF PARTY—READING OF VERIFIED CLAIM TO JURY.—In an action by an attorney at law against an executor or administrator, for professional services rendered to the deceased person, the plaintiff may testify as to incidental matters respecting his practice and income, which cannot be said to have occurred before the death of the deceased. The purpose of section 1880 of the Code of Civil Procedure is to prevent parties from testifying to matters tending to establish the claim or demand, and not to prevent their testifying to other matters which may arise incidentally. Nor is such a plaintiff precluded by his

incompetency as a witness from reading to the jury in his argument the claim and verification thereof attached to the complaint, and made part thereof.

PRACTICE — TRIAL — ARGUMENT OF COUNSEL — READING PLEADINGS TO JURY — EXHIBITS. — Counsel have a right, in arguing the case to the jury, to read the whole pleadings, including exhibits attached thereto, and cannot be restrained by the court from discussing the case in all its bearings, so long as they do not go outside of it and attempt to bring in other matters.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.

The facts are stated in the opinion.

*J. D. H. Chamberlain, J. H. G. Weaver,* and *George W. Hunter,* for Appellants.

*John A. McQuaid,* for Respondent.

BELCHER, C. C. — The plaintiff presented a claim, properly verified, against the estate of Joseph Russ, deceased, for fifteen hundred dollars, "for professional services as attorney and counselor at law, rendered in the month of May, 1886, at the city and county of San Francisco, in the following cases," etc. The cases referred to were four indictments in the United States district court for subornation of perjury, one of the indictments being against the deceased. The claim was rejected, and thereupon this action was commenced to recover the amount thereof. The case was tried by a jury, and the verdict was in favor of the plaintiff for the full amount claimed. The defendants moved for a new trial, and have appealed from the judgment and from the order denying their motion.

At the trial, it appeared that the indictments were filed in court on the 3d of April, 1886, and demurrers thereto were interposed by another attorney; that one of the cases was taken up as a test case, and the demurrer therein was argued by the attorney, who filed it, on the

28th of April; that the demurrer in that case was sustained on the 2d of May, and thereupon all of the indictments were dismissed.   The plaintiff then, after proving that he was an attorney at law and in good standing at the bar, introduced evidence tending to show that, after the demurrers were filed, he was engaged by the deceased to assist in the defense of all the cases, and that he was present in court at the time of the argument and at the time of the decision, and had rendered some service outside.   He then called witnesses to prove the value of a retainer in the cases.   This evidence was objected to, on the ground that the action was brought to recover the value of professional services rendered, and not the value of a retainer.   The objection was overruled, and an exception reserved.

It is earnestly argued for appellants that this ruling was erroneous, but we think it correct.   The word "retainer," when used in this connection, is defined by Bouvier to be: "The act of a client, by which he engages an attorney or counselor to manage a cause, either by prosecuting it when he is plaintiff, or defending it when he is defendant."   (Bouvier's Law Dict.)   It has been held that whenever an attorney is employed generally to prosecute or defend an action, he may, after the action has been terminated, recover from his client a retaining fee, although the contract of employment did not expressly or specifically mention a retaining fee.   (*Perry* v. *Lord,* 111 Mass. 504; *Blackman* v. *Webb,* 38 Kan. 668.)

In the last-named case, the supreme court of Kansas said: "When an attorney is engaged to prosecute or defend in an action, his entire services in that action are engaged for his client, and he cannot perform services for the adverse party.   He is retained by his client for that entire action; and whether his client may ever call upon him to perform services or not, he cannot perform services in that action for the adverse party, nor can he receive any fee or compensation from the adverse party.

All his skill and ability for that case is at the command of his client. A retainer of an attorney at law is presumably worth something to the client, and presumably a loss to the attorney; and whether the attorney is ever called upon to perform any services or not in that case, he may, when the case is terminated, recover for whatever the evidence shows the retainer was worth."

When an action is brought to recover the value of an attorney's services, the retainer, it not having been paid, constitutes a part of the plaintiff's cause of action, but it is not necessary to set forth the items of the account in the complaint. It is sufficient to state the facts constituting the cause of action, in ordinary and concise language, and if the defendant desires further particulars, he may call for them, and they must be given him within a limited time. (Code Civ. Proc., secs. 426, 454.) At the trial, if an issue has been tendered as to the value of the services, their value must be proved, and that will include the value of the retainer.

The plaintiff was called as a witness in his own behalf, and was asked if he was an attorney at law, how long he had practiced law, how long he had been practicing in San Francisco, whether he had devoted considerable time to criminal practice, and what had been the income from his practice for the last two or three years. These questions were all objected to by the defendants, upon the ground that the plaintiff was rendered incompetent to be a witness in the case by the provisions of section 1880 of the Code of Civil Procedure; and the objections were overruled. That section provides that parties to an action against an executor or administrator, "upon a claim or demand against the estate of a deceased person," cannot be witnesses "as to any matter of fact occurring before the death of such deceased person."

The evident purpose of the section was to prevent parties from testifying to matters tending to establish the asserted claim or demand, and not to prevent their tes-

tifying in reference to other matters which may arise incidentally. The plaintiff's testimony was wholly as to incidental matters, and they were matters, too, which cannot be said to have occurred before the death of deceased. In our opinion, it did not come within the inhibition of the statute, and the ruling of the court was therefore proper.

Many other objections were taken by defendants to the admission of evidence offered by plaintiff, but they do not require special notice. After carefully going over the record, we are unable to see that any prejudicial error was committed by the rulings of the court.

When the testimony was all in, the plaintiff argued the case to the jury in his own behalf. In doing so he read the complaint, and the verified claim which was attached thereto and made a part thereof. Counsel for defendants objected to his reading the claim and verification thereof, on the ground that he could not be a witness to the facts stated therein, and if allowed to read them, would in effect do indirectly what he could not do directly. The court overruled the objection, and defendants reserved an exception.

In commencing a trial before a jury, the pleadings are ordinarily read to the jury, or the facts of the case are fully stated by counsel. And if, in the progress of the argument, counsel desire to again read the pleadings, or to further call the attention of the jury to the facts alleged, there can, so far as we can see, be no impropriety in their doing so. The argument is under the control of the court, and extraneous matters should not be brought in or commented upon. But counsel have a right to discuss the case in all its bearings, and so long as they do not go outside of it and attempt to bring in other matters, cannot be restrained by the court. The verified claim in this case constituted a part of the complaint, and the plaintiff had a right. if he desired to do so, to

read the whole complaint, and he violated thereby no rule of law or propriety.

In its instructions to the jury, the court, among other things, told them that if they found that the deceased employed the plaintiff, then the plaintiff was entitled to the value of the services rendered, taking into consideration the nature of the services performed, the plaintiff's standing in his profession for learning, skill, etc., and then added: "For the purpose of aiding in determining this, it is proper to receive evidence as to the prices usually charged and received for similar services by other persons of the same profession, in the same vicinity, and practicing in the same court."

The part of the instruction above quoted was excepted to by defendants, and it is now claimed that it was misleading and erroneous. We think the instruction proper. It stated a well-settled rule of law, and there was, therefore, no error in giving it. (*Vilas* v. *Downer*, 21 Vt. 419; *Stanton* v. *Embrey*, 93 U. S. 557.)

It is also urged for the appellants that the verdict was not justified by the evidence. But there was evidence tending strongly to show that plaintiff was employed by the deceased to assist in the cases named, and that his services and retainer were worth as much as he was allowed by the verdict. We cannot say, therefore, that the judgment should be reversed on this ground.

In our opinion, the judgment and order should be affirmed.

FOOTE, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.