[Civ. No. 416. Second Appellate District.—November 23, 1907.]

JAMES I. CLEMENTS, Respondent, v. JOHN WATSON, CROSBY SALMON, and WATSON & CO., a Copartnership, etc., Appellants.

ACTION FOR ATTORNEY'S SERVICES—RETAINING FEE—BILL OF PARTICU-LARS—PROOF UNDER ITEM.—In estimating the value of an attorney's services, it is proper to consider a reasonable retaining fee; and where a bill of particulars, among other items, included the item, "Retainer, seven months at $100 per month," without a demand for further particulars, the court did not err in permitting the plaintiff to prove that certain services were rendered to the defendant under that item, for which he was not otherwise paid, and for which he made no other charges.

ID.—JURY CALLED BY DEFENDANTS—HARMLESS STATEMENT BY COUNSEL
FOR PLAINTIFF.—Where the defendants, by demanding a jury, had
impliedly expressed confidence in their judgment, a statement by
counsel for plaintiff that the jury had been called at request of the
defendants, with the expression of an opinion as to the propriety
of a jury passing upon the value of an attorney's fee, and ques-
tioning their ability to do so as intelligently as a court might do,
under like circumstances, was without prejudice to the defendants.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

H. S. Rollins, and J. W. McKinley, for Appellants.

Frank G. Finlayson, for Respondent.

ALLEN, P. J.—Appeal by defendants from a judgment
and order denying a new trial.

The action was on account of an attorney's fee for services
rendered by plaintiff's assignor to defendants. The case was
tried by a jury, which rendered a verdict in plaintiff's favor.
Several months before the trial defendants demanded a bill
of particulars, which was furnished by plaintiff, and con-
tained, among other items, the item: "Retainer, seven months
at $100 per month, $700." No demand was made for a fur-
ther bill, and upon the trial the court permitted plaintiff to
prove certain services rendered defendants which were in-
cluded in said item. This is assigned as error. "In esti-
mating the value of an attorney's services it is proper to in-
clude in the consideration a reasonable retaining fee."
(*Roche* v. *Baldwin*, 143 Cal. 192, [76 Pac. 956].) While
the performance of actual services may not be essential in
order that a retaining fee may be recovered (*Knight* v. *Russ*,
77 Cal. 413, [19 Pac. 698]), it certainly cannot prejudice
defendant to show that upon the faith of such retainer cer-
tain specific services were rendered for which he was not
otherwise paid, and for which he made no other charge. And,
in addition, the value of the retainer may be shown (*Knight*
v. *Russ*, 77 Cal. 413, [19 Pac. 698]), in which case, the bill
of items not being objected to, services rendered as affect-

ing such value would not be improper, especially in this case, where the item of retainer at so much per month would indicate that the term employed involved something more than is usually covered by the expression.

The only other error complained of in appellants' brief relates to the action of the court in permitting counsel for plaintiff to state to the jury that it had been called at defendants' request, and then, at length, to express an opinion as to the propriety of a jury passing upon the question of the value of an attorney's fee; and, further, questioning their ability so to do as intelligently as a court might be able to do under like circumstances. Applying the rule that misstatements or improper statements made to the jury during argument as affording ground for reversal must relate to matters of fact material, as distinguished from matters of mere opinion, and, in any event, "must be such as in a material matter to have prejudiced the defendant" (*People* v. *McMahon*, 124 Cal. 436, [57 Pac. 224]), we are unable to see just how defendants were prejudiced by the statements complained of. If the opinion of counsel for plaintiff, as expressed to the jury, in which its ability to intelligently determine the issues was questioned had any effect, it certainly would not operate against the defendants, who had impliedly expressed confidence in the jury when they called it to pass upon the questions of fact involved.

We find no error prejudicial or otherwise in the record, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.