[Civ. No. 8030.   First Appellate District, Division One.—May 26, 1932.]

CHARLES H. BAKER et al., Respondents, v. MARKET STREET RAILWAY COMPANY (a Corporation), Appellant.

William M. Abbott, K. W. Cannon, Cyril Appel and Ivores R. Dains for Appellant.

Harold H. Price for Respondents.

ROBINSON, J., *pro tem.*—This appeal is taken by the defendant railway corporation from judgment in favor of plaintiffs, Charles H. Baker and Ethel Baker, his wife. The action is for damages for personal injuries sustained by the wife and special damages suffered by the husband in a street-car accident, the complaint alleging negligence on the part of the railway corporation in suddenly starting the street-car while Ethel Baker, a debarking passenger, was about to alight at her destination.

The charge of negligence is special, the complaint alleging that on April 24, 1929, while plaintiff Ethel Baker was in the act of alighting from a Haight Street car which had stopped on Haight Street at Buchanan Street, San Francisco, the "defendants and each of them, without warning to plaintiff, suddenly and so negligently started said street-car as to cause plaintiff, Ethel Baker, to be and she was precipitated from the platform of said street car into the intersection of said streets", and injured in the "right side of the body in the region immediately above the right hip bone", and elsewhere. The action was commenced on March 14, 1930.

The railway company's answer admits its corporate existence and also that it operated electric street-cars on Haight Street, San Francisco. Separate special defenses charging contributory negligence generally are set up against the plaintiffs severally, and the case was tried upon the theory of negligence being charged by the plaintiffs and contributory negligence charged by the defendant. The jury returned a verdict in favor of the plaintiff Ethel Baker in the sum of $6,000, and a separate verdict in favor of her husband, Charles H. Baker, in the sum of $1500.

The points relied upon by the appellant upon this appeal are: First, that the evidence does not support the verdict; second, that the verdicts are grossly excessive; third, that plaintiffs' counsel was guilty of prejudicial conduct in his argument to the jury, and, fourth, that the court erred in refusing two certain instructions offered by the defendant railway company and also in giving two certain instructions at the request of the plaintiffs.

The points relied upon will be disposed of in the foregoing sequence.

A careful review of the evidence reveals ample support of both verdicts. The plaintiff Ethel Baker testified that she boarded the Haight Street car at Eighth and Market Streets, San Francisco, paid her fare, walked to about the middle of the car and took a standing position, the car being fairly crowded. When the street-car came within about a quarter of a block of arriving at her destination, the corner of Haight and Buchanan Streets, she pressed a button to signal for a stop and went to the rear exit. The car stopped with the rear end at about the middle of the intersection. She testified that she took hold of the stanchion at the rear exit with her right hand and held a package in her left arm; that according to her best recollection, someone preceded her in alighting; that as she started to lift her left foot to step down from the platform to the step "the car started up with a jerk", and that she was "shot through the" exit, and "out on the street", falling on her left hip, shoulders and head. Her testimony was corroborated by plaintiffs' witness Frank I. Meyers. His testimony was that the car came to a full stop and that after alighting therefrom he walked directly to the northwesterly corner and waited for the car to start so as to permit him to cross Haight Street; that he was facing Mrs. Baker, and when he first saw her, "She was leaning over, attempting to get down to the next step, and the car give a sudden jerk and bumped her off in the street, and started forward"; that when he first saw her the car was at a dead stop; that it started as she was attempting to alight.

Testimony was adduced by the defendant company in contradiction of the foregoing evidence; but, at most, the defendant's evidence produces only a substantial conflict

upon a question of fact, which cannot be resolved by this court.

"Whether this method of starting a car after it had been stopped for the purpose of enabling passengers to alight and while passengers were in the act of alighting was or was not negligence on the part of the defendant was clearly a question for the jury." (*Murray* v. *United Railroads*, 49 Cal. App. 462 [193 Pac. 596].)

The appellant's contention that the verdicts were grossly excessive is not supported by the evidence. Before this court can exercise its power of revision over a jury's verdict upon the question of reasonable compensation for unliquidated items of damage, there must appear from the evidence a disproportion that shocks the sense of justice.

The evidence discloses that before the accident Mrs. Baker, forty-nine years of age, was in good health, doing her own housework, and able to walk long distances without fatigue; that in falling heavily upon the pavement at the time of the accident, her left shoulder and left hip were cut and bruised; that she sustained other objective injuries; that she suffered pain in her side and severe headaches then and for long thereafter; that from her injuries she had become, at the time of trial, subject to pain in the left hip while walking. Her physician, Dr. Francis Redewill, rendered to Mrs. Baker medical services for the care of her injuries, which appellant's trial counsel stipulated were of the reasonable value of $358. This physician, an expert urologist, testified that he found Mrs. Baker to be suffering from a fallen kidney, resulting in a seventy-five per cent loss of its function; that in his own twenty-five years of professional experience, he had known that where kidneys were removed, or damaged, to such an extent that they are the same as removed, one can expect the patient to live for only ten years. He testified that Mrs. Baker needed an operation for kidney suspension, and that her falling from a street-car to the pavement upon her left side and shoulder would be a probable producing cause of the injuries regarding which she testified. He explained at length how her falling upon the left side would injure the right kidney, and testified that the cases of falling kidney which he had treated numbered two or three thousand. It will serve no useful purpose to set forth here the lengthy testimony of the attending physician,

Dr. Redewill; suffice it to say that a review of the evidence bearing upon this point leaves this court's sense of justice unshocked by the jury's valuation of Mrs. Baker's injuries.

"Unless we are able to say that the award of damages made by the jury and sustained by the trial court was so grossly disproportionate to any compensation reasonably warranted by the facts as presented to us on appeal as to shock the sense of justice and raise at once a presumption that it was the result of passion, prejudice, or corruption, rather than an honest and sober judgment, this court may not exercise the power of revision." (*Kelley* v. *Hoge Transp. System*, 197 Cal. 598 [242 Pac. 76, 81].)

■ The next point made upon appeal is the alleged misconduct of plaintiff's counsel in stating to the jury that if the conductor had admitted that he started the car, he would have lost his position and his wife and children would lose his support, and there would be "another member in the ranks of the unemployed; another member probably in the bread-line". When plaintiff's counsel made his statement, the substance of which appears above, trial counsel for the defendant objected to it, and asked the court to instruct the jury to disregard it, stating that there was no evidence in the record to justify this statement to the jury. The court forthwith informed the jury that there was no evidence in the case that if the conductor admitted that he had started the car, he would lose his position, and concluded by saying, "You will understand counsel's argument to be simply his deduction or his speculation on what that might be. I think that is sufficient comment to make." Appellant in its opening brief admits "the endeavor of the court to cure the misconduct complained of", but argues that it left an indelible stain upon the minds of the jurors that could not be removed by the cautionary remarks of the court. The statement complained of related not to matters of fact material, but was merely an obvious statement of counsel's opinion.

" . . . misstatements or improper statements made to the jury during argument as affording ground for reversal must relate to matters of fact material, as distinguished from matters of mere opinion, and, in any event, 'must be such as in a material matter to have prejudiced the defendant'."

(*Clements* v. *Watson,* 7 Cal. App. 74 [93 Pac. 385]; 24 Cal. Jur. 740.)

The obvious intention of counsel in making to the jury the statement " . . . do you think for a single minute that he could admit to the officials of the Market Street Railway Company that through his negligence in starting a car that a woman was injured?" was to discredit the testimony of an employee who had testified favorably to his employer. In arguing a case to the jury, an attorney has a right to make his comments regarding the credibility of the witnesses. The statement did not intend to assert a material fact; and if the remark did prejudice the defendant before the jury, the court's instruction removed the effect of the remarks.

"It is only in extreme cases that the court, when acting promptly and speaking clearly and directly upon the subject, cannot, by instructing the jury to disregard such matters, correct the impropriety of the act of counsel and remove any effect his conduct or remarks would otherwise have." (*Tingley* v. *Times-Mirror Co.,* 151 Cal. 1, 23 [89 Pac. 1097, 1106].)

The remaining points raised by the appellant on this appeal relate to certain instructions given and other instructions refused.

Although the issues in the case are not at all complicated, the defendant offered fifty-five instructions, eleven of which were given—some of them being modified. Error is claimed only as to the court's refusal to give three of the forty-four rejected. Twenty-one instructions were offered by the plaintiffs, eleven of which were given. Other instructions were also given by the court. From all of the instructions given, it appears that the jury was fully informed upon the law applicable to the issues.

The position taken by appellant is that the complaint being based upon a specific charge of negligence in suddenly starting the street-car while plaintiff was in the act of alighting, the court erred in instructing the jury with regard to the carrier's liability for failure to exercise generally the highest degree of care toward its passenger. Undoubtedly, the charge of negligence was special, but it must be borne in mind that the particular act of negligence complained of was in the nature of a specific instance of the carrier's failure to exercise its full duty of care toward

the passenger. Hence, it was proper for the court to instruct
the jury upon the carrier's responsibility for the safe car-
riage of its passengers. It was also proper and even neces-
sary for the court to give a general instruction defining
negligence. The first instruction given by the court told
the jury that the plaintiff Ethel Baker was demanding dam-
ages "alleged to have been sustained by her by reason of *the
claimed negligence*. The negligence which is alleged in the
complaint is denied specifically by the railway company in
its answer." (Italics ours.) The court further instructed
the jury that the plaintiffs had the burden of proof upon
the allegations of their complaint; also, that "the burden is
upon the plaintiffs in this action to prove that Mrs. Baker
sustained any injuries complained of as a direct and proxi-
mate result of the occurrence in question, and if you find
that plaintiffs have not proved that any of the injuries
complained of by Mrs. Baker were a direct or proximate
result of such occurrence, then" plaintiffs cannot recover.
The "occurrence" referred to in counsel's opening state-
ment was the sudden starting of the street-car as Mrs. Baker
was in the act of alighting. In the opening statement on
behalf of the defendant we find this language: "We will
prove that an occurrence took place on the 24th day of
April, 1929, at Buchanan and Haight streets, in this city,
where, upon alighting from a car that was in motion, Mrs.
Baker fell to the ground . . . she deliberately stepped off
of that car while it was still in motion. . . . We will prove
to you that . . . she was violating an ordinance of the city
and county of San Francisco which prohibits people from
boarding or alighting from street cars while they are in
motion, . . . ", etc. There could have been no doubt in the
minds of the jury that the court in using the expression "the
occurrence in question" contained in the foregoing instruc-
tion, was understood to refer to the negligence charged in
the complaint and referred to by counsel in their opening
statements.

In support of its contention that the instructions given
allowed the jury to find in favor of plaintiffs upon negli-
gence not charged in the complaint, appellant cites *Starkey*
v. *Market Street Ry. Co.*, 90 Cal. App. 249 [265 Pac. 839,
842], but this citation does not support the contention
made. In the Starkey case, *supra*, the complaint alleged

specially that the plaintiff, a passenger in the act of boarding a standing street-car, was thrown off and injured by reason of the car being suddenly *started*. An instruction given in that case reading in part "the fact that plaintiff had boarded the car while the same was in motion will not bar his recovery" was obviously error, in that it allowed a recovery upon a theory different from that upon which the complaint was predicated.

■ There is no merit whatever in the objection raised to the instruction given at plaintiffs' request upon the measure of damages. We deem it captious to argue that confusion must have arisen in the minds of the jury because the court instructed them "that they should" consider certain elements of damages, and also instructed them that they should not consider those elements unless they were proximately caused by the accident.

■ Neither is there any merit in the appellant's remaining point, to wit: That the court committed prejudicial error in charging the jury: "You are instructed as a matter of law applicable to this case that it was the duty of the defendant as a common carrier of persons, *when it stopped its car*, whether on a signal from some passenger or not, not to start the same again while its passengers are in the act of getting on or off the car," etc. The italicized words are complained of, as an instruction by the court that the street-car was actually stopped—a disputed and material issue. The instruction was upon the general duty of care owed by the carrier to the passenger. It nowhere mentions or refers to the parties to or the facts of the case at bar.

In the case of *Dawson* v. *Pacific Elec. R. Co.,* 177 Cal. 268 [170 Pac. 603], the court instructed the jury: "If you believe from the evidence that defendant was guilty of both or either of said *negligent acts,* and that the same either contributed directly or proximately to cause the accident, then the plaintiff may recover in this case." Appellant criticised the instruction, claiming that the italicized words assumed that the acts in question were negligent and that the province of the jury was invaded. Upon that contention the Supreme Court says: "We think, however, that the court was merely referring to its preceding description of acts *alleged by the plaintiff* to have been negligent. Furthermore, in view of other instructions, which specifically

directed the jury that the burden of proof was upon the plaintiff to establish a want of ordinary care, there is no room for the belief that the jury could have been misled.'' The language of the Supreme Court in the Dawson case is adopted as applicable to the case here considered.

The judgment and the order appealed from are affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 25, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 25, 1932.