[No. 11470. In Bank.—November 2, 1887.]

## MARIA SCHAMMEL, RESPONDENT, *v.* HENRY SCHAMMEL, APPELLANT.

DIVORCE — ALIMONY — ALLOWANCE OF WHEN NOT EXCESSIVE. — In an action for divorce, an order directing the husband to pay the wife one hundred and twenty-five dollars per month as alimony will not be reversed on appeal, when it appears that she is sick and bedridden, and has no means of supporting herself and her children, and the husband has a monthly income of four hundred and thirty-two dollars.

ID. — COUNSEL FEES — ALLOWANCE OF WHEN NOT EXCESSIVE. — In such an action, an allowance to the wife of one thousand dollars as attorney's fees is not excessive, where it appears that the defendant is the owner of

considerable property, and has been persistent and determined in resisting the wife's efforts to succeed in her cause, thereby entailing upon her attorneys a large amount of labor in the protection of her rights.

APPEAL from an order of the Superior Court of the city and county of San Francisco directing the payment of alimony and counsel fees in an action for divorce.

The facts are stated in the opinion.

*Fisher Ames*, and *Dunne & Davidson*, for Appellant.

*Davis Louderback*, and *Carey, Sullivan & Sullivan*, for Respondent.

FOOTE, C. — This is an appeal from an order granting a wife counsel fees and alimony pending an action for divorce against her husband.

The affidavits filed upon the hearing of the motion are conflicting; but it is evident that the trial judge must have arrived at the conclusion that, notwithstanding the defendant's sworn statements to the contrary, he was an unkind, cruel, and abusive husband and father; that his promises to pay a hundred dollars a month *at his office*, for the support of his wife and her two daughters, was not to be relied on; that his wife was sick and bedridden, and could not apply for the proposed allowance; that of his daughters, one had just cause, at the least, to fear the worst kind of abusive language from her father if she went to his office, and that the other daughter was too young a child to be intrusted with such matters. The court must also have come to the conclusion that the defendant had under his control a very considerable estate, in the nature of community property, and that his income from rents, salary, and other sources amounted to about four hundred and thirty-two dollars per month.

That under these circumstances, the sum of one hundred and twenty-five dollars per month, for the support

and maintenance of a sick woman,—his wife,—pending her action for a divorce, was not more than the defendant should have been ordered to contribute for such purpose. And we cannot say that such conclusions were not warranted by the evidence.

It does not appear that the allowance for attorney's fees was excessive, the very voluminous record in this case illustrating the fact that the defendant was most persistent and determined in resisting his wife's effort to succeed in her cause, and that very considerable labor and time must have attended the efforts of his wife's counsel to obtain for her urgent needs that which was necessary to save her from dependency upon her friends for the means of sustaining life.

Upon the whole matter, under the rule laid down by this court in the case of *White* v. *White*, 73 Cal. 105, we see nothing which would warrant us in reversing the order of the court below, and it should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.