[Civ. No. 878.   First Appellate District.—December 29, 1911.]

## J. S. REID, Appellant, v. WARREN IMPROVEMENT COMPANY, a Corporation, Respondent.

ACTION FOR REASONABLE VALUE OF LEGAL SERVICES—REFERENCE IN COMPLAINT—ITEMIZED ACCOUNT RENDERED—EVIDENCE—ESTOPPEL.—In an action for the value of legal services, alleged to be reasonably worth the sum of $665, to which value the plaintiff testified, but in which the complaint stated "that the particulars of said services are more specifically set forth in an account of the same rendered to defendant" on a specified date, on which date a second bill was rendered, carrying forward the amount of a previous bill, and the two bills constituted such "account rendered," the amount of which was only $347.50, it is held that it hardly lies in the mouth of the plaintiff to object to the introduction in evidence by the defendant of the account thus referred to in his complaint.

ID.—BILLS RENDERED IN ORDINARY COURSE OF BUSINESS—UNTENABLE OBJECTION—OFFER OF COMPROMISE—EVIDENCE OF VALUE.—It is held an untenable objection that such bills were rendered as an offer of compromise, as it does not appear that up to the time of their rendition any controversy had arisen as to the amount thereof; but that such bills were rendered in the ordinary course of business, and that the bills, or accounts rendered, were competent and material evidence both as to the particulars of the services sued for and as to the value thereof.

ID.—FINDING OF REASONABLE VALUE—PROVINCE OF COURT.—The court was neither bound to accept the plaintiff's estimate of the value of his services nor was it precluded by the amount of the bills rendered and produced in evidence from finding that the reasonable value of the services rendered was only $342.23, instead of $347.50, the amount of the bills rendered.   The court has the independent right to fix the reasonable value of the services rendered, as appearing in the itemized bills, which were sufficient to justify the finding of the court.

ID.—COUNT UPON SPECIAL CONTRACT—DISPUTED TERMS—SUPPORT OF FINDING—PROVINCE OF COURT.—In a count upon a special contract, where the terms of the contract as claimed by the plaintiff were disputed by the defendant, the court was justified in believing plaintiff's evidence as to part of the terms of the contract and the defendant's evidence as to another part of its terms, and in finding accordingly.

ID.—RELIEF TO PLAINTIFF BEYOND TERMS OF COMPLAINT—PLAINTIFF NOT INJURED.—Though the relief so granted was not within the terms of the complaint, and the court might have granted leave

to the plaintiff to amend to conform to the proofs, yet, as the plaintiff was not injured by granting him relief not alleged under the special contract, the judgment granting it may be affirmed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

J. S. Reid, Appellant, *in pro per.*

Ames & Manning, for Respondent.

HALL, J.—This is an appeal by plaintiff from a judgment in his favor, but for a less amount than he claimed, taken within sixty days from the rendition and entry of the judgment.

The complaint is in three counts, and sets up three distinct causes of action. In the first count appellant sued to recover the reasonable value of services rendered by appellant to respondent, as an attorney at law. The services are alleged to be reasonably worth the sum of $665.

In its answer respondent denied that said services were reasonably worth any greater sum than $152.29. Respondent further alleged that said services were rendered under an express contract, whereby appellant was to pay ten per cent of such sums as he might collect for respondent, and alleged the facts showing that under this contract appellant was entitled to but $152.29 for his said services.

It is most convenient for us first to dispose of the points relating to the first count.

The court found the reasonable value of the services sued for in this count to be the sum of $343.22, and the principal point urged for a reversal of the judgment as to this count is that said finding is not supported by the evidence. Preliminary, however, to discussing this point we will dispose of the only other point raised by appellant, to wit, that the court erred in admitting in evidence two bills rendered by appellant to respondent for the services sued for in this count.

The objection urged is that the bills or accounts were rendered by way of an offer for a compromise. We do not think

that the record supports this contention. It does not appear that up to the time of the rendition of the bills any controversy had arisen as to the amount thereof, but they appear from the record before us to have been rendered in the ordinary course of business. Furthermore, in appellant's complaint it is alleged "that the particulars of the said services are more specifically set forth in an account of the same rendered to the defendant on the nineteenth day of July, 1907, at the instance of the defendant." The second bill is the account rendered on said day, and begins with a balance in favor of appellant carried forward from the first bill. The two bills thus constituted the account referred to in the complaint, and set forth the particulars of the services sued for in this count. We think it hardly lies in the mouth of the plaintiff to object to the introduction of an account thus referred to in his own complaint. These bills contained itemized charges for all the services sued for in the first count of the complaint. As to all but one of the items the charge made in the bills was very much less than the amount testified to by appellant as the reasonable value of his services. The bills or accounts were competent and material evidence against defendant, both as to the particulars of the services sued for and as to the value thereof. The court, therefore, did not err in admitting them over the objections of appellant.

As to the sufficiency of the evidence to support the finding of the court that the reasonable value thereof was $343.22, appellant concedes that, as a general rule, in actions to recover for the reasonable value of legal services the court may exercise its own judgment and knowledge in fixing such value. He, however, claims that such rule has no application in this case because, as he claims, he was prevented by the action of the court from fully proving the particulars of the services rendered, and that therefore there was no sufficient data before the court for the exercise of its knowledge as to the value of legal services. This contention is based upon what occurred in a colloquy between the court and counsel near the beginning of his testimony, in which the court suggested in effect that it was not necessary for the plaintiff to go into minute details as to what his services consisted of, but that such matters might be left to be developed more fully upon

cross-examination. Defendant's counsel did not cross-examine as to the particulars of the services rendered, but put in evidence the accounts rendered by plaintiff to defendant for the services sued for. No objection or exception was taken to the course suggested by the court, and no motion for a new trial was made upon the ground of accident or surprise. The attack is solely made upon the sufficiency of the evidence to support the finding; and regardless of whether or not there was sufficient evidence given by testimony of witnesses to furnish data for the court to pass upon the value of all the services sued for from its own knowledge of the value of legal services, there was ample evidence before the court to support its finding. The accounts before referred to, rendered by appellant to respondent, contained an itemized statement as to all the services sued for, and as to each and every item thereof, save one, set forth the charge made therefor by appellant. These charges aggregate the sum of $347.50. The only item for which the charge was not fixed in the account was for preparing and filing a complaint for $37.85 (in a justice court). It is evident that a small amount would be sufficient for this item. The court found the value of all the services sued for in the first count to be $343.22, which is but a few dollars less than the amount originally claimed by appellant when he rendered his bill to respondent. Although he testified upon the witness-stand that such services were worth $665, the court was justified in rejecting such estimate. The bills rendered by appellant afforded sufficient evidence both as to value and the particulars of the services rendered to justify the finding of the court that such value was but $343.22.

The only other point made for a reversal of the judgment is that the findings made by the court as to the issues under the third count of the complaint are not supported by the evidence, and do not respond to the issues made by the pleadings.

In this count appellant sought to recover upon a special contract, whereby he claimed to be entitled to ten per cent of the amount recovered in a certain suit brought by him for respondent. The action was compromised and dismissed after answer filed but before trial thereof. Defendant in his answer denied the contract as alleged in plaintiff's complaint, and set up in effect that plaintiff agreed to prepare the papers

for an attachment suit for the sum of $25, and if the matter should be settled without suit such sum should be in full. If, however, the suit should be filed but settled and dismissed before trial, plaintiff was to receive $50 in full for his services, and that he was to receive ten per cent of the amount recovered only in case the action should be pressed to final judgment.

The court found that by the contract plaintiff's compensation for preparing the papers in said action was to be $25, and $50 additional for all services that might be rendered by him thereafter in said action prior to a trial thereof, making in all the sum of $75, provided that the action should be settled before any trial on the facts thereof. It was settled without any trial on the facts; and the court allowed plaintiff $75 for his services therein.

It is the finding of the court as to the terms of the contract above set forth that is challenged by appellant.

We think that it is supported by the evidence. It does not exactly agree either with the testimony of plaintiff or the evidence on behalf of the defendant taken separately, but the different parts of the finding are supported by evidence either given by plaintiff or on behalf of defendant. Thus plaintiff testified that he was to be paid $25 for simply preparing the papers for an attachment suit, and if he was required to file such suit and cause attachments therein to be levied, he was to be paid $50 more. The effect of the balance of his testimony is that he was to receive ten per cent of whatever was recovered either by judgment or settlement without trial, if the defendant therein took any action, after the filing of the suit and levying of the attachment, other than to settle.

On the other hand, the evidence on behalf of the defendant was to the effect that no more than $50 was to be paid for all services prior to trial of the action, and that the ten per cent was to be paid only if the action was actually tried in court.

The court evidently accepted a part of the testimony of plaintiff as correct and a part of the evidence given on behalf of defendant as correct, and made its finding accordingly. The finding is thus supported by the evidence.

As to the contention that the findings as to the terms of the contract do not conform to the issues presented by the pleadings, it is sufficient to say that while the findings as to the

contract do not follow exactly the language of either pleading, we think they substantially dispose of the issues presented. At any rate, all the evidence as to the terms of the contract was admitted without objection, and the matter was fully and fairly presented to the court, which made findings in accordance with the evidence. In such case, though the court might have directed the pleadings to be amended so as to conform to the proof, it is apparent that no injury has been done to appellant by the course pursued by the court.

No other point is urged for a reversal, and the judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.