[Civ. No. 7660. First Appellate District, Division One.—April 24, 1931.]

W. E. LADY, Appellant, v. DORIS M. RUPPE, Respondent.

William Ellis Lady, *in pro. per.,* for Appellant.

Kiggens & Hoffman for Respondent.

WARD, J., *pro tem.*—This is an action for a balance claimed to be due for professional and legal services rendered. The complaint alleges that defendant promised and agreed to pay the sum of $5,250, no part of which has been paid except the sum of $1250, although demand has been made therefor. Plaintiff prayed judgment in the sum

of $4,000. A jury returned a verdict of $500, and plaintiff appealed. The errors or points relied upon by appellant are: "1. Inadequacy in the amount of the verdict. 2. Failure of the court to direct jury to return a verdict for plaintiff for the amount sued for with interest."

Plaintiff had been engaged as attorney in a divorce action. He also performed some services in a "libel and slander" suit against the defendant herein, instituted by the corespondent named in the divorce action. This work consisted in the filing of a demurrer, which was sustained, and an answer to an amended complaint. In addition, plaintiff appeared in two small justice court actions growing out of or connected indirectly with the divorce proceedings. On appeal, no point is made that the $500 verdict was inadequate to cover the services rendered in the slander case and the justice court cases. A total of $1250 was allowed by the trial judge as attorney's fees in the divorce case. The only question, therefore, involved in this appeal is: Was the plaintiff herein entitled to recover anything in addition to the fee allowed by the court?

█ The jury returned a general verdict. Appellant contends that this general verdict was a finding of all the averments in the complaint material to his recovery and he cites *Plyer* v. *Pacific etc. Cement Co.*, 152 Cal. 125–130 [92 Pac. 56, 58]. In that case the court said: "It is of course true, but no truer today than it has always been, that a general verdict implies a finding in favor of the prevailing party of every fact essential to the support of his action or defense . . . ", but that was a case in which special findings had been requested and refused, and the court in dealing with the relation of special findings to a general verdict said: "The response of the jury to the special issues or particular questions of fact may show that no judgment can properly be entered in favor of a plaintiff upon a general verdict because the jury has not found in his favor upon some material issue, or has found against him as to some fact fatal to his cause of action, and in case of a general verdict for a defendant, the special findings, together with the facts admitted on the record may show that the plaintiff is entitled to a judgment notwithstanding the general verdict against him." In that case,

upon the ground that the court erred in refusing to submit the requested special verdicts, the judgment was reversed. The court was simply enunciating a principle without discussing its applicability to a case wherein a jury finds that one or more allegations were true or were false or that one or more of the items claimed are due or not due, as exemplified by the verdict itself. The plaintiff here prayed for $4,000. A verdict of a lesser amount in a general verdict is a finding that the allegations relative to the value were untrue, but that some value attached which, from all the evidence, the jury was able to fix. A general verdict in favor of a party, unless wholly unsupported by the evidence, is a finding in favor of those facts essential to a recovery as shown by the verdict, but not necessarily a finding that all the allegations are true relative to the recovery which the party sought. In this case the jury was convinced that the services had been rendered, but not convinced that those services were of the value of $4,000. The jury was convinced that services had been rendered at the special instance and request of defendant, but evidently not convinced that all the services had been rendered at the special instance and request of defendant.

██ Appellant contends that a plain and palpable abuse of discretion occurred in this case in fixing the value of the services. Five lawyers of high standing appeared as expert witnesses. All placed the fee at a figure higher than plaintiff prayed for in his complaint, but the evidence of the experts was not binding upon the jury. It was only an opinion upon a matter in which the attorneys were more expert than the jurors, but the jury had the power, independent of the experts' testimony, to use their own judgment in fixing the fee. (*Kirk* v. *Culley,* 202 Cal. 501–509 [261 Pac. 994].)

In this case a question of fact, which the jury only could determine, arose whether or not there had been an agreement wherein defendant had promised plaintiff to pay the reasonable amount of the services.

No special findings having been submitted, we are in the dark so far as knowledge is concerned of the conclusions reached in the jury-room, but we do know from the general verdict that the plaintiff was not entitled for all the ser-

vices rendered, to more than $500 in addition to the $1250 allowed by the court.

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 23, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1931.