[S. F. No. 15067.   In Bank.—April 19, 1935.]

GLADYS N. SWORD, Appellant, v. WALTER C. SWORD, Respondent.

Roy Daily for Appellant.

Fred A. Watkins for Respondent.

WASTE, C. J.—On April 29, 1931, the plaintiff procured an interlocutory decree of divorce from the defendant on the ground of extreme cruelty. A property settlement agreement, theretofore entered into by the parties, was expressly referred to and approved in the decree, which decree has since become final. On October 1, 1932, the plaintiff filed a notice of motion to stay the entry of the final decree on the grounds that the interlocutory decree had been procured by fraud and undue influence and that the parties had become reconciled and had cohabited shortly after the entry of such interlocutory decree. Thereafter, and in fairly rapid succession, plaintiff also filed three other notices of motion, one to set aside the property settlement agreement on the ground that it had been procured by fraud and while plaintiff was sick and without independent counsel to advise

her; another to require the defendant, under the provisions of section 139 of the Civil Code, to make suitable allowance for her support because of her asserted destitution and her failure to ask for alimony at the time of the entry of the interlocutory decree, this omission being charged to her then attorney who, she claims, was in league with the defendant when purporting to represent her; and the third, to require defendant to pay her attorney's fees and costs incidental to the three antecedent requests for relief.

Following a hearing, at which much evidence was adduced by both parties, the court below denied the several requests for relief and, upon motion of the defendant, entered a final decree of divorce. This appeal followed.

■ We do not propose to state in detail the evidence which, in our opinion, supports the lower court's disposition of the matters presented to it for consideration. There is ample evidence in the record supporting the conclusion that neither the plaintiff's attorney, who was a friend of long standing of both parties, nor the defendant, individually or collectively, had resorted to fraud or other artifice in procuring the interlocutory decree or in arriving at the terms of the property settlement agreement theretofore executed by the parties. It appears that in their negotiations plaintiff's attorney and the defendant attempted to arrive at the approximate value of defendant's assets prior to his marriage with plaintiff; that they then undertook to determine the defendant's income subsequent to marriage and found that practically all of such income had been expended to maintain the spouses and their household; and they thereupon sought to arrive at a reasonable sum of money to be paid to plaintiff by way of property settlement, which sum was fixed at $7,200.

After that sum had been paid to plaintiff the several motions above mentioned were filed by her. We cannot say under the evidence that the court erred in refusing to set aside the property settlement agreement, or in refusing plaintiff further monetary relief by way of alimony or otherwise. ■ During the course of the hearing on the several motions, the court allowed plaintiff ninety dollars to defray her costs to the date of the order, which sum was paid to her by defendant. We cannot say, under the state of the record, that the court acted improperly or abused its dis-

cretion in refusing to make an additional allowance of costs and attorney's fees.

The evidence upon the issue of reconciliation and cohabitation following the entry of the interlocutory decree is flatly contradictory. The defendant denied any such reconciliation or cohabitation. This conflict was resolved against plaintiff by the court below and it is not our function to upset its conclusion in this particular.

The several forms of requested relief having been properly denied, there can be no question as to the propriety of the entry of the final decree of divorce.

The final decree of divorce and the several orders appealed from are, and each is, affirmed.

Shenk, J., Seawell, J., Curtis, J., Preston, J., and Langdon, J., concurred.