[Civ. No. 11029. First Appellate District, Division Two.—April 13, 1939.]

BERTHA H. STEWART, Respondent, v. RALPH A. STEWART, Appellant.

John F. Davis for Appellant.

Raymond Salisbury for Respondent.

NOURSE, P. J.—Plaintiff sued for divorce in the Superior Court in Alameda County. The defendant demurred and answered, setting up the special defense that he had previously instituted proceedings for divorce in the civil court of Juarez, Chihuahua, Mexico, and that such proceedings were then pending. The plaintiff procured an order to show cause why defendant should not be required to pay alimony *pendente lite*, counsel fees, and costs. The defendant replied by affidavit, and a hearing was had. The notice of motion initiating the proceedings to show cause is not in the record, but the order making the award indicated that the hearing was had upon all the papers on file. From this order commanding the defendant to make payments for these purposes, he prosecutes this appeal. The single question presented is whether the pendency of the proceedings in Mexico ousts the California court of jurisdiction to make this order.

The answer admits this allegation of the complaint: "That said defendant was not at any time and is not now a resident of said Juarez, Mexico, and said action was filed by said

defendant against plaintiff solely for the purpose of harassing . . . plaintiff.''

The record discloses the purpose of plaintiff to attack the foreign proceedings as fraudulent and not taken in good faith. ■ Any judicial record may be impeached on the ground of want of jurisdiction or fraud in the party offering it. (Sec. 1916, Code Civ. Proc.) A foreign decree of divorce may be attacked collaterally upon showing that the court granting it had no jurisdiction because of want of domicile by the plaintiff. (*Kegley* v. *Kegley,* 16 Cal. App. (2d) 216, 220 [60 Pac. (2d) 482].) ■ Here the want of domicile and the consequent fraud upon the court and upon the plaintiff herein is admitted in the answer.

The rule, supported by numerous authorities there cited, is well stated in *Kegley* v. *Kegley, supra,* where, on page 221, the court says: ''A foreign divorce obtained through assumed residence is not in good faith, and is open to attack in the state of the true matrimonial domicile and the parties sought to be bound by it may always impeach its validity and escape its effect by showing that the court which rendered it had no jurisdiction over the parties or the subject-matter of the action, and its jurisdiction may be controverted by extraneous evidence.''

Since the plaintiff herein has the right to attack the proceedings pending in Mexico, it follows of course that the trial court had discretion to award her counsel fees for that purpose as well as alimony pending the final determination of the controversy.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.