[Civ. No. 12286.   Second Appellate District, Division Two.—November 2, 1939.]

LORRAINE ST. LAURENT, Respondent, v. JOSEPH A. ST. LAURENT, Appellant.

B. F. Tyler for Appellant.

A. F. Molina for Respondent.

McCOMB, J.—From (1) an order of the trial court directing defendant to pay alimony *pendente lite*, attorney's fees, and costs, and (2) a subsequent order refusing to vacate the prior order so far at it directed the payment of attorney's fees and costs, defendant appeals.

[a] The essential facts are:

May 16, 1938, plaintiff filed an action for divorce against defendant alleging that they were married at Yuma, Arizona, November 1, 1931. May 31, 1938, the trial court ordered defendant to pay plaintiff as attorney's fees the sum of $75, as costs the sum of $11, and $25 per month alimony *pendente lite*. August 2, 1938, defendant made a motion to vacate the prior order, alleging that on November 1, 1931, the date of the alleged marriage between the parties, plaintiff was married to Edward Cartwright, who was alive and from whom she was not divorced. The trial court found these allegations to be true and entered an order relieving defendant from future payments of alimony *pendente lite,* but denied the motion to relieve the defendant from the payment of attorney's fees, costs, and accrued alimony.

■ This is the sole question presented for determination: *Was it error for the trial court to refuse to vacate the order of May 31, 1938, so far as the order related to costs, attorney's fees and accrued alimony?*

This question must be answered in the negative. The order of May 31, 1938, awarding costs, attorney's fees, and alimony *pendente lite* was an appealable order (see cases cited in 1 Cal. Jur. [1921] 966, sec. 20, note 20). Therefore, this order became final sixty days after its entry. (Sec. 939, Code Civ. Proc.) Since the motion, upon which the order now under consideration was based, was not made until more than sixty days had elapsed, the order of May 31, 1938, was final and the trial court was without jurisdiction to modify its prior order in respect to costs, attorney's fees, and accrued alimony, except upon proper showing pursuant to the requirements of section 473 of the Code of Civil Procedure. In the present case no attempt was made to meet any of the requirements of section 473 of the Code of Civil Procedure. Therefore, the trial court's order was correct.

■ Since notice of appeal from the order of May 31, 1938, was not filed until more than sixty days after the entry of the order, the appeal from this order is abortive and is dismissed.

The order of August 2, 1938, is affirmed.

Wood, Acting P. J., concurred.