[Civ. No. 12218. First Dist., Div. One. Mar. 15, 1943.]

VERA BROCKMILLER, Respondent, v. HARRY BROCK-MILLER, Appellant.

J. W. Jackson for Appellant.

James D. Lucey and Frank O'Brien for Respondent.

WARD, J.—Defendant appeals from orders contained in an interlocutory decree of divorce granted to his wife. He does not contest the correctness of the decree insofar as it granted a divorce, but maintains that the court abused its discretion in ordering him to pay $50 counsel fees to the wife's attorney, and $60 a month for the support of the two minor children of the marriage.

Defendant, appellant herein, specifically contends that in an action for divorce the court cannot grant an allowance of counsel fees to a wife (1) without any showing by her of the necessity therefor; (2) when the services were rendered by her attorney prior to the granting of the allowance; (3) where the wife is receiving a substantial income which equals or exceeds that of the husband. Appellant further contends that under the conditions herein the court abused its discretion in decreeing that he should bear the whole burden of supporting the two minor children, citing Civil Code, section 196.

The parties hereto were married in 1938 and separated three years later. Their two children at the time of the trial of the action were two and a half years, and ten months of age, respectively. The parties owned community property consisting of household furniture, and a service station lease the profit from which brought the defendant's income to approximately $130 a month. From this amount he was paying $30 a month, installments on the purchase price of the lease, $200 to $300 being still due thereon. Plaintiff was employed part of the time during the year 1940, receiving a salary of $900, which she contributed to the family expenses. At the time of the trial she was steadily employed at an income of approximately $1,404 a year. She owed the sum of $70, medical care for one of the children, and was jointly liable for a further doctor's bill of $140. Plaintiff was awarded the custody of the two children, whom, because of her employment, she finds necessary to place in a private home. The cost of such care for them is $60 a month.

In a divorce proceeding the amounts to be contributed by the husband for the support of his children, or of his wife, are in the first instance matters resting in the sound discretion of the trial court. While there may be room for a difference of opinion in regard to such amounts an appellate court may not interfere with the action of the trial court unless, as a matter of law, it has abused that discretion. All reasonable inferences from the evidence which uphold its conclusion should be indulged. While the facts as outlined in the transcript would sustain the conclusion that the wife should support or assist in supporting the children, the determination that it is the duty of the father to maintain them entirely can also be reasonably made. No arbitrary rule can be laid down as to what particular facts must appear before a court may decide that a husband, a wife, or both, must contribute to the support of children. Matters of this character, regard being had to the circumstances of the respective parties (Civ. Code, sec. 139) are ordinarily left to the trial court for decision. In a divorce proceeding it is not ground for reversal that a particular finding was not made if the decree based on the evidence sufficiently covers a general or specific allegation of the complaint in that regard. We may not say as a matter of law that the trial court, in placing the whole burden of supporting the children upon the husband,

abused its discretion merely because the wife is in receipt of a larger income than the husband.

Furthermore, on such a proceeding an allowance of counsel fees to the wife for the prosecution or defense of the action may be awarded when "necessary." (Civ. Code, sec. 137.) An award prior to the filing of an appearance or the trial is made only upon the presentation of facts which indicate the necessity and the probable value of the services to be performed. However, "Supplemental allowances may be made." (*Collins* v. *Welsh*, 2 Cal.App.2d 103, 109 [37 P.2d 505].) An allowance may not be made for past services (*Dixon* v. *Dixon*, 216 Cal. 440 [14 P.2d 497]), but a prayer in the complaint requesting counsel fees may be deferred for final determination until the filing of the interlocutory decree. (*Baker* v. *Baker*, 64 Cal.App. 778 [222 P. 863].) The fact that the amount of the attorney's fee is made in the judgment rather than in a separate order is immaterial; therefore the postponement of such matter by stipulation is not prejudicial. (*Farrar* v. *Farrar*, 41 Cal.App. 452 [182 P. 989].)

A statement in open court prior to trial that the fixing of the additional amount of attorney's fees may be postponed by stipulation until after the evidence has been heard, which statement is not contradicted during a discussion of the amount to be allowed, is a stipulation sufficient for a reviewing court to assume, in the absence of circumstances to the contrary that the order made pursuant thereto is valid. (Code Civ. Proc., sec. 283; *Ward* v. *Goetz*, 33 Cal.App. 595 [165 P. 1022].)

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.