[Civ. No. 14406. Second Dist., Div. Two. May 12, 1944.]

J. F. LIEBENGUTH, Respondent, v. MARY PRIESTER, Appellant.

William Ellis Lady for Appellant.

Edmund Nelson and John E. Walter for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff, after trial before a jury, in an action to recover the balance due upon a promissory note after applying to the principal amount of the note the sum obtained at a trustee's sale held pursuant to the power of sale contained in a trust deed executed as security for the note, defendant appeals.

The essential facts are these:

May 15, 1936, defendant executed and delivered to plaintiff's assignor a promissory note in the principal sum of $95,-850 which contained a final maturity date of May 15, 1941. This note was secured by a trust deed on certain parcels of land located in Los Angeles County. The note was not paid according to its terms, and on January 2, 1943, the trustee named in the trust deed sold the property described in the trust deed pursuant to the power of sale contained therein for the sum of $50,000. This present suit is for the balance due on the promissory note.

Defendant relies for reversal of the judgment on three propositions which will be stated and answered hereunder seriatim.

First: *Under the Provisions of section 580d of the Code of Civil Procedure the trial court erred in entering a judgment upon the verdict in favor of plaintiff.*

This proposition is untenable. Section 580d of the Code of Civil Procedure reads thus:

"No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property *hereafter executed* in any case in which the real property has been sold by the mortgagee or trustee under power of sale contained in such a mortgage or deed of trust." (Italics added.)

This section became effective on March 6, 1941, nearly five years after the note here in question was executed. It is clear that by the use of the words "hereafter executed" in the section, such section does not apply to the note here involved.

Second: *There was not sufficient evidence to sustain the trial court's findings that at the time of the trustee's sale there was due plaintiff the following sums, to wit: (a) principal, $93,531.52; (b) counsel, and other fees, $5,665.61; (c) taxes, $3,332.53; (d) interest, $1,449.58; and (e) posting, publishing, etc., $32.*

This proposition is also untenable. Mr. Eltinge, a witness

for plaintiff, testified that at the time of the foreclosure sale there was due on the note for (a) principal, $93,531.52; (b) counsel and other fees, $5,665.61; (c) taxes, $3,332.53; (d) interest, $1,449.58; and (e) posting, publishing, etc., $32. This evidence clearly supports the questioned findings.

■ Third: *The amount of attorney's fees to which plaintiff was entitled was fixed by rule 12\* of the Superior Court of Los Angeles County.*

This proposition is likewise without merit. By the very wording of rule 12, such rule is restricted to the allowance of attorney's fees in mortgage foreclosure cases. The rule does not apply to the sale of property pursuant to a power of sale contained in a deed of trust. In the instant case the amount to be charged for attorney's fees was expressly set forth in the deed of trust. The deed of trust fixed five per cent of the amount remaining unpaid and secured by the trust deed as the sum to be allowed for attorney's fees. It was therefore proper to include in the judgment, as attorney's fees, the amount computed on the basis prescribed in the trust deed.

■ It is further to be noted that when, as in the present case, there is properly before a jury an issue regarding the reasonable amount of attorney's fees, the jury may fix the amount of such fees without independent testimony as to how much constitutes a reasonable fee. (*Kirk* v. *Culley*, 202 Cal. 501, 509 [261 P. 994]; *Spencer* v. *Collins*, 156 Cal. 298, 307 [104 P. 320, 20 Ann.Cas. 49]; *Mitchell* v. *Towne*, 31 Cal.App. 2d 259, 266 [87 P.2d 908].)

---

\*Rule 12 reads thus:

"When attorneys' fees are allowed in mortgage foreclosure cases the following percentages shall, unless an additional allowance be made for extraordinary services rendered, be deemed reasonable compensation:

"In default cases: For the first $1000 or part thereof at the rate of ten per cent with a minimum of $75.00; for the next $9000, at the rate of three per cent; for the next $40,000, at the rate of two per cent; for the next $50,000, at the rate of one per cent; and for all above $100,000, at the rate of one per cent.

"In contested cases or cases required to be set for trial: For the first $1000 or part thereof at the rate of ten per cent, with a minimum of $100; for the next $9000, at the rate of four per cent; for the next $10,000, at the rate of three per cent; for the next $30,000, at the rate of two per cent; for the next $50,000, at the rate of one per cent; and for all above $100,000, at the rate of one-half of one per cent.

"All applications for compensation for extraordinary services rendered in mortgage foreclosure or probate proceedings must be accompanied by an itemized statement of services rendered."

Since no errors appear in the record, the judgment is, affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

A petition for a rehearing was denied May 26, 1944, and appellant's petition for a hearing by the Supreme Court was denied July 10, 1944.