[Civ. No. 15141.   Second Dist., Div. One.   June 26, 1946.]

NANNETTE FURNISS, Respondent, v. LAWRENCE FURNISS, Appellant.

Wm. E. Cornell and Bernard Brennan for Appellant.

Hugh E. Macbeth and Eva M. Mack for Respondent.

YORK, P. J.—The interlocutory decree of divorce entered herein on December 17, 1923, ordered defendant husband to pay $20 per week to plaintiff wife for her support and maintenance. By an order entered July 18, 1927, such payment was reduced to $12 per week. Thereafter, a contempt proceeding brought by plaintiff against defendant was discharged, and on August 7, 1944, upon hearing of an order to show cause *re* modification, the previous order was modified "to provide that defendant shall pay the sum of $10.00 per week for the support of plaintiff."

The instant appeal is prosecuted by defendant from an order dated February 27, 1945, by which the trial court refused to modify the order of August 7, 1944, and reduce the alimony award; appellant urging that "the evidence establishes that the court abused its sound discretion" in its refusal to modify such order.

The affidavit of appellant made in support of his motion to reduce the award, shows net weekly earnings of $51.69, and expenditures of $96.84 per week, the latter including, in addition to the $10 payment of alimony, $12 medical expense for his present wife and $9.10 payment on an automobile; and avers that "since said order of August 7, 1944, defendant's wife has received a medical discharge from the Women's Army Corps, necessitating many visits to the doctor, which defendant is obligated to pay; that defendant has been forced to purchase an automobile and make the payments thereon; that it is impossible for defendant to meet the expenditures which he is obliged to take care of and continue to pay the plaintiff $10.00 per week."

Appellant testified that he lived in Van Nuys and worked in Pasadena and "had to buy another" automobile; that while his wife was in the service "she was hit by an automobile and it left her permanently affected and she was discharged with 70% permanent disability . . . she has to continually visit the doctor"; that she had attempted to obtain medical care

from the Veteran's Administration at Sawtelle, but "they were unable to take her . . . she is unable to drive a car . . . and they recommended that she continue with her present physician." On cross-examination, appellant testified that his wife owned the property in which they lived and that she purchased it with money she inherited.

Respondent testified that she lived in a small cottage in a court paying $28 a month rental therefor; that she was in charge of the "British War Relief Help," for which she received no compensation; that she "couldn't possibly hold a job if I had one. . . . I have to remain there where I can rest any time during the day, and I do frequently go into the back room and rest, because I could not work continuously." She further testified that she answered the telephone, kept the petty cash account, and was an experienced typist; that her only source of income was a room which she rented in the house in which she lived for $23 per month; that she had "no bank account, no insurance, no property, no jewelry, or no nothing." On cross-examination, this witness testified that she had "bronchial asthma, for one thing, and I have fainting spells frequently. . . . They come on very suddenly, and I am out, I may be just answering the telephone and I am gone. People pick me up, and that sort of thing."

It is appellant's contention that there was a distinct "change of circumstances from the former hearing in August, 1944," and that the failure of the trial court "to consider the evidence of appellant's expenses since the discharge of his present wife from the United States Army, and the uncontradicted testimony of appellant concerning his monthly income and expenses . . . showed an abuse of discretion." With respect to appellant's testimony regarding his present wife's ill health, the court voluntarily made the following statement: "May I point out to you, counsel, that while her condition may be very unfortunate we cannot, under the law, consider herein any obligation incurred by her to justify the inability to pay the previous order of court, because he entered upon this second marriage with full knowledge of his obligation under the previous order of court."

█ The following language appearing in the case of *Whitehead* v. *Whitehead*, 45 Cal.App.2d 447, 449 [114 P.2d 403], applies to the instant situation: "The power of the court to make the modification of the interlocutory decree comes directly from the statute. Sections 137 and 139 of

the Civil Code provide that orders for the payment of alimony may be altered, modified or revoked 'at the discretion of the court.' The only successful attack upon such an order (when the only claim is that the award is too high or too low) must be based upon a clear showing of an abuse of that discretion. It was said in *Wilder* v. *Wilder,* 214 Cal. 783, 785 [7 P.2d 1032]: 'An abuse of discretion is never presumed and it must be affirmatively established.' Here the whole case of the appellant rests upon the assertion that the trial court abused its discretion when it rejected his evidence and believed the conflicting testimony of the respondent.

''This does not present a debatable question on appeal. As the court said in *Lent* v. *H. C. Morris Co.,* 25 Cal.App.2d 305, 308 [77 P.2d 301]: 'An appellate court is never justified in substituting its discretion for that of the court sitting *nisi prius.* Its power is limited to the determination whether there has been such an abuse of discretion that it has resulted in a miscarriage of justice. (Const., art. VI, sec. 4½; *Davies* v. *Ramsdell,* 40 Cal.App. 432, 433 [183 P. 702]; *Sunset Farms, Inc.,* v. *Superior Court,* 9 Cal.App.2d 389, 405 [50 P.2d 106].)' ''

█ The evidence herein discloses that appellant lives in a home provided by his second wife and in addition has an income of $56.69 per week. It also discloses that respondent pays $28 per month for her apartment; that she rents a room therein for $23 per month, which reduces her rent to $5 per month; but that she has no other income and is in a state of ill health. In this state of the record, it was incumbent upon the court to make a decision, and having done so, it cannot now be said that he abused his discretion in deciding as he did.

For the reasons stated, the order appealed from is affirmed.

Doran, J., and White, J., concurred.