[Civ. No. 15788.   Second Dist., Div. One.   Oct. 31, 1947.]

Estate of ANNA SCHNELL, Deceased.   FRANK D. CATLIN et al., Appellants, v. ELMIRA BLYNIENE et al., Respondents.

Frank D. Catlin, Henry W. Catlin, in pro. per., Catlin & Catlin and Haas & Home for Appellants.

Hanna & Morton, Patrick James Kirby and Riccardi, Webster & Donahue for Respondents.

YORK, P. J.—This is an appeal by petitioners from a judgment fixing a fee of $10,000 for extraordinary legal services rendered by them in connection with the above-named estate.

On March 2 and June 13, 1943, orders were made in said estate authorizing the Public Administrator Ben H. Brown, as administrator, to retain appellants, attorneys at law, for the purpose of endeavoring to recover and establish title to property claimed by the executor of the estate of August Schnell, deceased, the order of June 13, 1943, specifically decreeing that said administrator "be and he is hereby authorized and directed to agree to pay to said firm of attorneys for their services a contingent fee based upon the value of the property recovered for said estate, the amount of such fee to be fixed by the above entitled court after the recovery of said property."

Beginning on March 2, 1943, and continuing for the ensuing three years, appellants by various actions and proceedings in both the superior court and this court, succeeded in recovering for said estate property of the value of $45,219.02. Based upon such recovery, appellants petitioned the court on April 24, 1946, to fix and allow extraordinary fees for such services, alleging $18,000 to be a reasonable fee therefor. Objections to said petition were filed, and the matter came on for hearing on July 15, 1946, after which the court found:

"III. That this court's orders of March 2nd, 1943, and June 13, 1943, authorizing the employment of Catlin & Catlin on a contingent basis and the employment thereunder by Ben H. Brown, as administrator of said estate, were and are void.

"IV. That Henry W. Catlin and Frank D. Catlin as attorneys did render services in connection with the quiet title action for and on behalf of Ben H. Brown, as administrator of the estate of Anna Schnell, deceased, vs. Security-First National Bank of Los Angeles, as executor, which services did not bring any property of any kind into the estate of Anna Schnell, deceased, and that said attorneys are not entitled to any fees therefor.

"V. That petitioners Frank D. Catlin and Henry W. Catlin did perform extraordinary services as attorneys at the special instance and request of Ben H. Brown, as administrator of the estate of Anna Schnell, deceased, and through their services, and as a result thereof, property of approximately $45,000 was brought into said estate, which moneys and property have been received and become a part of said estate of Anna Schnell, deceased.

"VI. That Frank D. Catlin and Henry W. Catlin are entitled to extraordinary fees for services rendered in proceedings to determine interests in the estate of August Schnell, deceased, which proceedings brought approximately $45,000 in property into the estate of Anna Schnell, deceased, and that a reasonable fee therefor is $10,000."

Appellants urge (1) that the contract of employment was valid and should have been considered in measuring the amount of fees to be allowed; (2) that appellants "are entitled to have their fee fixed taking into consideration the contingent element of their employment"; and (3) that the court abused its discretion in fixing attorneys' fees at $10,000 when the estate benefited to the extent of $45,000 solely through the efforts of appellants.

Respondents make the point that the judgment herein is void since it unlawfully and contrary to public policy awards attorneys' fees to persons other than the county counsel of Los Angeles County who is charged with the duty of acting as attorney for the public administrator in probate matters.

While section 21, article VI, Los Angeles County Charter, provides that the county counsel shall act as attorney for the public administrator in the administration of estates of decedents and collect the fees therefor on behalf of the county, it is a matter of common knowledge that public officials continually employ special counsel whenever the exigencies of the case demand, and no express statutory enactment prohibits such action. See *State Compensation Insurance Fund* v. *Riley,* 9 Cal.2d 126, 131 [69 P.2d 985, 111 A.L.R.

1503], where it is stated: ''The law is well settled that a public agency may employ special counsel to protect its rights unless specifically prohibited from so doing by statutory or charter provision. . . . This problem has been frequently presented in reference to the employment by municipal corporations of special counsel to assist the regularly appointed or elected city attorney in special litigation. . . . In the early case of *Hornblower* v. *Duden,* 35 Cal. 664, it was held that the board of supervisors without specific statutory authority, could employ special counsel to assist the district attorney, not only in cases in which the county is a party, but in any cause in which the county is interested. At page 670, it is stated: '. . . There is no reason why public as well as private interests should not be subserved by the employment of several counsel, when the exigencies of the case are such as to demand it, in the judgment of prudent men; and we are satisfied that the Legislature has not been so unwise as to render such a course impossible.' (See, also, *Lassen County* v. *Shinn,* 88 Cal. 510 [26 P. 365].)'' Also, *Evans* v. *Superior Court,* 14 Cal.2d 563, 575 [96 P.2d 107].

In the instant case, the public administrator's petition to the court for an order authorizing him to employ appellants alleged that he had information that August Schnell during his lifetime had made a gift to his wife, Anna Schnell, of certain securities of a value in excess of $50,000; that the estate of Anna Schnell, deceased, ''outside of her interest in the foregoing securities, consists only of a dwelling which had been owned in joint tenancy by Anna Schnell and August Schnell; that since the death of Anna Schnell the said securities have been delivered into the custody of the Security National Bank of Pasadena . . . which institution refuses to recognize your petitioner's demand for possession of such property and has asserted that they are the property of the estate of August Schnell, deceased.

''That the outcome of such litigation is uncertain; that your petitioner does not wish to put the estate of Anna Schnell to the expense of employing counsel at a fixed fee, *or to use the services of the County Counsel* in the prosecution of an action to determine title to the securities which would also involve the estate in the necessity of paying large attorney's fees for the services of counsel regardless of the outcome; that your petitioner has discussed the issues involved with the law firm of Messrs. Catlin & Catlin, practicing attorneys in Los Angeles, who have signified their willingness to accept employ-

ment by petitioner for the purpose of proving title in the above entitled estate to such securities upon a contingent fee, to be paid only from the proceeds of the sale of said shares of stock, in an amount to be fixed by the above entitled court after the successful termination of an action for such purpose, and they have agreed that if petitioner retains them and advances all costs and expenses of the action they will make no charge against the estate if the action should prove to be unsuccessful.''

In the circumstances presented, the public administrator used sound judgment and practical common sense when he engaged the services of appellants, who, through persistent effort over a period of three years, succeeded in recovering for the within estate the sum of $44,756.27 in cash from the estate of August Schnell, deceased.

■ Adverting to appellants' first point, to wit: that the contract of employment was valid, said contract provided for a contingent fee dependent upon the success of the attorneys in collecting assets of the estate, such fee to be fixed by the court after recovery of property and to be based upon the value thereof.

In *Estate of Rowe*, 66 Cal.App.2d 594, 603 [152 P.2d 765], it was held that an order allowing or establishing extraordinary fees of attorneys for an executrix on a percentage basis, rather than fixing such fees in a definite amount of money, is void. However, it was there stated by way of dictum that ''Our opinion is not to be construed as holding that an executor or administrator may not, with the approval of the court, make a contract upon a contingent fee basis for legal services to be rendered in the future. That question is not involved in the present appeal.''

In *Estate of McDonald*, 37 Cal.App.2d 521, 525 [99 P.2d 1115], it was stated: ''There is no doubt that the probate court has authority to make an order authorizing an administrator to employ counsel and provide that the attorneys' fees shall be fixed at a future time upon the completion of the services. (*Ludwig* v. *Superior Court*, 217 Cal. 499, 501 [19 P.2d 984].)''

The orders here in question did nothing more than authorize the making of a contract upon a contingent fee basis for legal services to be rendered in the future. (*Estate of Rowe, supra.*) However, for the purposes of this decision, it is not necessary to decide the question of the validity of the orders and the employment thereunder because it is clear that appel-

lants rendered valuable services and are entitled to payment therefor.

The findings of fact, hereinbefore recited, disclose that the court, when it fixed the fees herein, had in mind and considered both the value of the property recovered and the contingent element of appellants' employment. And, as stated in *Biaggi* v. *Sawyer*, 75 Cal.App.2d 105, 115 [170 P.2d 678], quoting from 3 California Jurisprudence 718: "Where the trial court has fixed the compensation of an attorney upon the consideration of the evidence and its own judgment, the appellate court will not interfere unless a plain and palpable abuse of its discretion has occurred."

In *Berry* v. *Chaplin*, 74 Cal.App.2d 669, 678 [169 P.2d 453], where, as here, the question was "whether the amount fixed by the judgment is so small that this court can say that the trial court abused its discretion in making the allowance," the court stated: "Among the factors to be considered in determining what constitutes a reasonable compensation for an attorney who has rendered services in connection with a legal proceeding are the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded (*City of Los Angeles* v. *Los Angeles-Inyo Farms Co.*, 134 Cal.App. 268, 276 [25 P.2d 224]); the intricacies and importance of the litigation, the labor and the necessity for skilled legal training and ability in trying the cause, and the time consumed. (*Palm Springs etc. Co.* v. *Kieberk Corp.*, 46 Cal.App.2d 234, 241 [115 P.2d 548]; *Collins* v. *Welsh*, 2 Cal.App.2d 103, 110 [37 P.2d 505].)"

In the instant cause, both appellants testified in great detail with respect to the services they rendered during the period in question. An examination of such evidence discloses that the court's award based thereon, while not excessive, was a reasonable fee and that there was no abuse of discretion on the part of the court in making such award.

While appellant Henry W. Catlin and Mr. Dave F. Smith, both veterans before the bar, testified as experts and gave the opinion that $22,500 would be a reasonable fee for the services rendered, the court was not bound thereby, for the reason that the "value of an attorney's services is a matter with which a judge must necessarily be familiar. When the

court is informed of the extent and nature of such services, its own experience furnishes it with every element necessary to fix their value." (3 Cal.Jur. 714.)

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied December 29, 1947. Edmonds, J., voted for a hearing.