[Civ. No. 16237.   Second Dist., Div. Three.   Sept. 20, 1948.]

GEORGE G. DE SYLVA et al., Plaintiffs, v. MARIE BALLENTINE et al., Defendants. STEPHEN WILLIAM DE SYLVA, a Minor, etc., et al., Appellants, v. GEORGE G. DE SYLVA, Respondent.

Fink, Rolston, Levinthal & Kent for Appellants.

Pacht, Warne, Ross & Bernhard, Isaac Pacht and Bernard Reich for Respondent.

VALLÉE, J.—Appeal from an order modifying a prior order awarding counsel fees to appellants with which to respond to an appeal from an order which awarded support and counsel fees pendente lite. The action was brought by respondent to have the court determine the amount he, as father of an infant born out of wedlock, should pay the infant's mother for his support and maintenance.

On May 7, 1947, an order was made requiring respondent to pay $750 per month for the support of the infant and to pay $5,000 counsel fees, and $750 costs, pendente lite. On May 8, 1947, respondent filed a notice of appeal from the order made the previous day. On May 12, 1947, appellants filed an application for support money, counsel fees and costs pending determination of the appeal. On May 13, 1947, an order was made requiring respondent to pay $750 per month for the support of the infant pending the appeal, $1,500 counsel fees for services on the appeal, and the actual costs of the appeal.

On May 20, 1947, respondent filed an abandonment of his appeal pursuant to rule 38 of the Rules on Appeal. (22 Cal. 2d 1, 27.) On June 9, 1947, pursuant to a notice of motion, an order was made modifying the order of May 13, 1947, by reducing the amount of attorneys' fees for services upon the appeal from $1,500 to $250. From this latter order the infant and his mother appealed.

Appellants contend that the trial court did not have jurisdiction to modify the order of May 13, 1947, with respect to counsel fees already accrued and that the order reducing the counsel fees from $1,500 to $250 was void. The contention is without semblance of merit. That the court had jurisdiction to make the order in question was determined in *Glesby* v. *Glesby*, 73 Cal.App.2d 301 [166 P.2d 347], which was an appeal from an order reducing an award of counsel fees. In the Glesby case this court said (p. 306): "The third and last contention of the appellant,—that a modification of an order for attorney's fees cannot be validly based upon a change of circumstances, seems to be adequately disposed of by the short opinion in *Nightingale* v. *Superior Court* (1920), 184 Cal. 583 [194 P. 1002], where an application for a writ of certiorari to review an order modifying an order concerning counsel fees in a divorce action was denied. There the court said: 'We entertain no doubt of the power of the court in divorce actions to modify its orders for the payment to the wife of money necessary to enable her to support herself

during the pendency of the action, or to enable her to prosecute or defend the action, as the circumstances with regard to necessity change. As to orders for the payment of money for support there has never been any question in this behalf, and there is no difference in principle with relation to money to be paid to her for the purpose of enabling her to pay attorneys.' It is clear to us that the trial court had power to make the modifying order, and that due to the change of circumstances it was appropriate and reasonable." (See also *Chester* v. *Chester,* 76 Cal.App.2d 265, 272 [172 P.2d 924].) The power of the court in an action to determine the amount to be paid for the support of an infant born out of wedlock is the same as in a divorce action. (Civ. Code, § 196a.) Civil Code sections 196a and 137 expressly authorize the court to vary, alter or revoke an order, such as that of May 13, 1947, at its discretion.

The equities of the case argued by appellants do not concern us. It is not contended that the court abused its discretion. Upon the abandonment of the appeal, filed 12 days after the appeal was taken, all that the attorneys for the respondents on that appeal (appellants here) had to do was "to gather up their briefs and retire." (*Reynolds* v. *Reynolds,* 67 Cal. 176, 177 [7 P. 480].)

Order affirmed.

Shinn, P. J., and Wood, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 18, 1948.