[L. A. No. 20913. In Bank. March 3, 1950]

ANITA LIPTON WARNER, Respondent, v. THOMAS
WILLIAM WARNER, JR., Appellant.

Manuel Ruiz, Jr., Fink, Rolston, Levinthal & Kent and Nelson Rosen for Appellant.

Gold & Needleman, J. George Gold, James J. Needleman, Pacht, Warne, Ross & Bernhard, Isaac Pacht and Bernard Reich for Respondent.

TRAYNOR, J.—Plaintiff brought an action for separate maintenance. After a hearing on an order to show cause, the trial court ordered defendant to pay plaintiff $500 per month temporary alimony, to give her the occupancy of the 22-room family home, and "to pay the attorney for the plaintiff $10,000.00, $2500.00 on August 25, 1948, September 25, 1948, October 25, 1948 and November 25, 1948. It is stipulated that balance of attorney fees be fixed at time of trial." Defendant appeals from that part of the order relating to the allowance of attorney's fees pendente lite.

Defendant does not dispute that the allowance of alimony or attorney's fees pendente lite under Civil Code, section 137, and the amount thereof, are questions for the discretion of the trial court, and that its order will not be set aside on appeal unless there is clear evidence that there has been an abuse

of discretion. (*Comey* v. *Comey*, 8 Cal.2d 453 [66 P.2d 148] ; *Sword* v. *Sword*, 3 Cal.2d 266, 268-269 [44 P.2d 315] ; *Baldwin* v. *Baldwin*, 28 Cal.2d 406, 418 [170 P.2d 670] ; *Stewart* v. *Stewart*, 156 Cal. 651, 655 [105 P. 955] ; *Furniss* v. *Furniss*, 75 Cal.App.2d 138, 141 [170 P.2d 486] ; *Busch* v. *Busch*, 99 Cal.App. 198, 201-202 [278 P. 456].) He does not question the sufficiency of the evidence to support the implied findings of the trial court that he is financially able to pay the fees and that his wife is not. (*Mudd* v. *Mudd*, 98 Cal. 320, 321 [33 P. 114] ; *Westphal* v. *Westphal*, 122 Cal.App. 388, 390 [10 P.2d 122].) He contends only that the trial court abused its discretion in ordering the payment of an amount that bears no relation to services already performed but is based entirely upon an estimate of the services that can be reasonably anticipated as necessary. He contends that a pendente lite award of attorney's fees is in the nature of a retainer and that the actual fees are to be fixed after the trial of the action, when the trial court can determine the value of the legal services actually rendered. In his view it is an abuse of discretion to base an award upon an estimate of the value of the services that may be anticipated, given the possibility that those services will not be rendered in the event of reconciliation or death of one of the parties or death of counsel.

 Defendant's contention is based on a misconception of the nature of pendente lite awards. Civil Code, section 137, provides in part: "During the pendency of any such action [for divorce or separate maintenance] the court may, in its discretion, require the husband or wife, as the case may be, to pay as alimony or as costs of action or as attorney's fees any money necessary for the prosecution of the action . . ." The statute is designed to enable the wife to secure adequate representation to prosecute or defend the suit and to meet the legal expenses and fees that she can reasonably be expected to incur in that prosecution or defense. The allowance of fees under section 137 is therefore limited to those essential to such prosecution or defense and is necessarily prospective in nature. Section 137 gives the court no authority to base an award on past services. (*Dixon* v. *Dixon*, 216 Cal. 440, 443 [14 P.2d 497] ; *Loveren* v. *Loveren*, 100 Cal. 493, 495 [35 P. 87] ; *Lacey* v. *Lacey*, 108 Cal. 45, 46 [40 P. 1056] ; *Stewart* v. *Stewart*, 32 Cal.App.2d 148, 150 [89 P.2d 404] ; 1 Cal.Jur. 989, 995, 998 ; 27 C.J.S., Divorce, § 216, p. 912.)

 In making its award the trial court must take into account the extent to which the action may be contested, the

size of the marital estate, and the difficulties attending a determination of the value of the property and its classification as separate and community. Its award is based upon the value of the services that can thus be anticipated. (*Sharon* v. *Sharon*, 75 Cal. 1, 39 [16 P. 345]; *Schammel* v. *Schammel*, 74 Cal. 36, 38 [15 P. 364]; *Brockmiller* v. *Brockmiller*, 57 Cal.App.2d 623, 626 [135 P.2d 184]; *Stewart* v. *Stewart*, 32 Cal.App.2d 148, 150 [89 P.2d 404]; see, also, *Stillman* v. *Stillman*, 115 Misc. 106 [187 N.Y.S. 283, 289-390].) ■ It is not a retainer, which is a payment for undertaking the responsibility of the representation bearing no relation to the value of the services that can be anticipated and payable even though no services are actually rendered. (*Knight* v. *Russ*, 77 Cal. 410, 412, 413 [19 P. 698].) The trial court performed its statutory duty in fixing the award according to the value of the services to be anticipated.

Defendant relies upon a dictum of the District Court of Appeal in *Shopiro* v. *Shopiro* (Cal.App.), 153 P.2d 62, 68 that supports his contention. This court granted a petition for hearing in that case, but the appeal was subsequently dismissed by stipulation of the parties. Defendant recognizes that the case is therefore of no value as precedent, but urges that its reasoning is persuasive. We cannot agree. ■ The possibility that contingencies might occur that would make the anticipated services unnecessary does not preclude the court from making the allowance in the first instance. ■ After a pendente lite award has been made, the trial court retains jurisdiction to modify the award at any time during the pendency of the action when a change of circumstances occurs that alters the extent of the services required. "We entertain no doubt of the power of the court in divorce actions to modify its orders for the payment to the wife of money necessary to enable her to support herself during the pendency of the action, or to enable her to prosecute or defend the action, as the circumstances with regard to necessity change." (*Nightingale* v. *Superior Court*, 184 Cal. 583 [194 P. 1002].) Should any of the contingencies occur that would preclude rendition of the anticipated services, the trial court could reduce the award to an amount necessary to compensate the attorney for services actually rendered. (*Glesby* v. *Glesby*, 73 Cal.App.2d 301, 307 [166 P.2d 347]; *De Sylva* v. *Ballentine*, 87 Cal. App.2d 643, 645 [197 P.2d 359]; *Chester* v. *Chester*, 76 Cal. App.2d 265, 272 [172 P.2d 924].) *St. Laurent* v. *St. Laurent*,

35 Cal.App.2d 345, 346 [95 P.2d 475], is not inconsistent with this conclusion. The motion for modification in that case was not based on a change of circumstances but on a ground existing at the time the award was made that should have been raised on appeal from the order. The case is not authority for the proposition that a trial court cannot modify its award to conform to a change of circumstances occurring during the pendency of the action but after the time for appeal from the order has expired.

There is ample evidence to support the determination of the trial court that plaintiff's attorneys would be required to render services of the value of $10,000 in the course of the pending action. Plaintiff testified that defendant had threatened to inflict bodily harm on her, had taken her automobile after she filed the action for separate maintenance, and had several times informed her that she would never get anything from him if she sued for divorce because his attorney was "too smart for her" and had hidden his assets so that she would never be able to locate them. Plaintiff's and defendant's estimates of his annual income varied widely, but his income tax returns sustained her substantially higher estimate. Plaintiff testified that her husband was worth several million dollars. He denied this, but a financial statement that he submitted to the bank supported her estimate. There was ample evidence that defendant had interests of disputed value in several business firms, both in California and Mexico. She valued their family home at $225,000; he contended that it was worth only $85,000. There was a dispute over defendant's ownership of stocks and bonds and of a manufacturing company. Plaintiff testified that her husband had substantial property and business interests in Mexico; he denied that he had more than a few frozen assets of little value.

The trial court was justified in concluding that defendant's assets were extensive and valuable, that plaintiff's attorneys would find it exceptionally difficult to locate and appraise those assets, and that defendant would do his utmost to hinder their search. There was every indication that the trial of plaintiff's action would be long and bitterly contested. In view of these facts, we cannot say that the trial court abused its discretion in making the award. (*Busch* v. *Busch*, 99 Cal. App. 198, 201-202 [278 P. 456]; *Schammel* v. *Schammel*, 74 Cal. 36, 38 [15 P. 364].) *Estate of Lundell*, 95 Cal.App.2d —— [212 P.2d 914], is not in point. In that case, an order awarding $12,000 extraordinary attorney's fees was reversed

for the reason that the trial court abused its discretion in making the award without competent evidence to justify its conclusion that services of that value had been rendered.

The order is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., and Spence, J., concurred.

CARTER, J.—I concur in the judgment of affirmance and generally in the reasoning of the majority, but I think it proper to call attention to the recent decision of the District Court of Appeal, Second Appellate District, Division One, in the *Estate of Lundell*, 95 Cal.App.2d ——, —— [212 P.2d 914], a hearing in which case was denied by this court on February 23, 1950, as I think it is clear that the decision in the last mentioned case is in clear conflict with the holding of this court in the case at bar as well as the settled rule in cases of this character.

It has long been the rule in this state that in the allowance of attorneys' fees, or the determination of the value of legal services rendered by an attorney, the experience of the trial judge furnishes every element necessary to fix the value of services rendered by an attorney in handling a legal problem (*Elconin* v. *Yalen*, 208 Cal. 546 [282 P. 791]; *City of Los Angeles* v. *Los Angeles-Inyo Farms Co.*, 134 Cal.App. 268 [25 P.2d 224]; *Theisen* v. *Keough*, 115 Cal.App. 353 [1 P.2d 1015]; *Moore* v. *Maryland Casualty Co.*, 100 Cal.App. 658 [280 P. 1008]; *Estate of Schnell*, 82 Cal.App.2d 170 [185 P.2d 854]), and it is not necessary that expert evidence as to the value of such services be introduced. (*Estate of Straus*, 144 Cal. 553 [77 P. 1122]; *Kendrick* v. *Gould*, 51 Cal.App. 712 [197 P. 681]; *Reid* v. *Warren Improvement Co.*, 17 Cal. App. 746 [121 P. 694]; *Bowman* v. *Maryland Casualty Co.*, 88 Cal.App. 481 [263 P. 826]; *Liebenguth* v. *Priester*, 64 Cal. App.2d 343 [148 P.2d 893]; *Peebler* v. *Olds*, 71 Cal.App.2d 382 [162 P.2d 953].) It also appears to be the settled rule that even if expert evidence is offered in such a case, it is not conclusive on the trial court. (*Zimmer* v. *Kilborn*, 165 Cal. 523 [132 P. 1026, Ann.Cas. 1914D 368]; *Spencer* v. *Collins*, 156 Cal. 298 [104 P. 320, 20 Ann.Cas. 49]; *Lady* v. *Ruppe*, 113 Cal.App. 606 [298 P. 859]; *Cullinan* v. *McColgan*, 87 Cal.App. 684 [263 P. 353]; *Kirk* v. *Culley*, 202 Cal. 501 [261 P. 994]; *Nylund* v. *Madsen*, 94 Cal.App. 441 [271 P. 374]; *Libby* v. *Kipp*, 87 Cal.App. 538 [262 P. 68]; *Estate of Schnell*,

82 Cal.App.2d 170 [185 P.2d 854] ; *Flynn* v. *Young,* 25 Cal. App.2d 614 [78 P.2d 245] ; *Mitchell* v. *Towne,* 31 Cal.App.2d 259 [87 P.2d 908].)

In view of the rules of law announced in the authorities above cited, the decision of the District Court of Appeal in the *Estate of Lundell, supra,* is clearly unsound, and this court should have granted a hearing in that case in order to maintain uniformity in the decisions on this subject.

In my opinion, the respondent's position in the *Estate of Lundell, supra,* is much stronger and more in harmony with the authorities on the subject than the position of respondent in the case at bar, and it is impossible for me to reconcile the position of the majority of this court in voting to deny respondent's petition for a hearing in that case with their position in joining in the opinion which affirms the order of the trial court in the case at bar. The two positions are wholly irreconcilable and the attempt in the majority opinion to distinguish the *Estate of Lundell* from the case at bar greatly weakens the position of the majority and adds confusion to the law in this field.

SCHAUER, J.—I dissent. The complaint alleges that the parties were married on January 14, 1946; that they separated on July 28, 1948; and that there are no children of the marriage ; the complaint was filed July 30, 1948; it further alleges that the extent of the community property is unknown but that "Plaintiff is informed and believes, and on such information and belief, alleges that the total value of Defendant's separate property is in excess of $2,000,000.00." There was a stipulation that "upon the trial of the case on the merits the balance, if any, of counsel fees might be fixed."

Upon the above state of facts I am of the view that as a matter of law it was an abuse of judicial discretion to order $10,000 to be paid on account of attorneys' fees before trial on the merits and largely in advance of the rendition of services of that value. There is no suggestion that there was any necessity, nor do the facts of the present record reveal any reasonable justification, for ordering payment of so large a sum in advance of trial on the merits. At the trial it may develop that under all the facts such a sum is grossly exorbitant, or fair, or quite inadequate; but requiring its payment in advance and on the record as it now stands is essentially speculative. As was well said by the District Court of Appeal in its unanimous opinion (speaking through Mr. Justice

Drapeau) modifying the order appealed from: "If death or serious injury should happen to counsel involved, the defendant may be called upon to pay additional fees for preparation of plaintiff's case. There is the possibility of reconciliation between the spouses. This frequently happens, and the law is always hopeful that it may come to pass. In the event of an early reconciliation, obviously the fee named would be too much. Then, too, there is the possibility of death of one of the parties. Fees for legal services can be fixed by the trial court which finally hears the case with better regard for the rights of all parties concerned." (*Warner* v. *Warner* (1949), 207 P.2d 622, 624.)

I would either modify the order by reducing the advance payment, as did the District Court of Appeal, or reverse and remand for further proceedings pendente lite.